# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HEARTLAND SURGICAL ) | |
| SPECIALTY HOSPITAL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-2164-MLB-DWB |
| ) | |
| MIDWEST DIVISION, INC. d/b/a ) | |
| HCA MIDWEST DIVISION, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 237), filed on May 1, 2006. A response was filed by certain Defendants[1] on May 15, 2006. (Doc. 239.) The Defendants do not oppose Plaintiff's motion "to the extent it seeks leave to amend the factual allegations of the complaint or to add new parties Coventry Health and Life Insurance Company, SouthCare PPO, Inc. and Humana Insurance Company." (*Id.* at 2.) Defendants

---

[1] The following are the Defendants on whose behalf the response was filed: Midwest Division, Inc., St. Luke's Health System, Inc., Blue Cross and Blue Shield of Kansas City, Carondelet Health, St. Joseph Medical Center, St. Mary's Medical Center, Shawnee Mission Medical Center, Inc., Board of Trustees of the North Kansas City Hospital, Coventry Health care of Kansas, Inc., United HealthCare of the Midwest, Inc., United Healthcare Insurance Co., Humana Health Plan, Inc., Humana Insurance Company, and CIGNA HealthCare of Ohio, Inc. d/b/a CIGNA HealthCare of Kansas/Missouri (hereinafter jointly referred to as "Defendants").

did, however object to Plaintiff's attempt to add fifty (50) "John Doe" Defendants. (*Id*. at 2 - 5.)[2] Plaintiff filed a reply on May 23, 2006. (Doc. 243.) Thus, the only issue remaining for the Court to address is the appropriateness of Plaintiff's requested inclusion of the numerous John Doe Defendants. The Court has carefully reviewed the submissions of the parties and is now prepared to rule on Plaintiff's motion.

## BACKGROUND

Plaintiff, a specialty hospital, filed its Complaint (Doc. 1) on April 26, 2005, alleging conspiracy, unreasonable restraint of interstate trade, and other violations of the Sherman Act (Counts I and II) in addition to claims of tortious interference with prospective business relationship (Counts III and IV). Plaintiff filed its first Amended Complaint on July 5, 2005, (Doc. 61), and a second Amended Complaint on September 20, 2005 (Doc. 111.)

The parties have engaged, and continue to engage, in extensive paper discovery, including Defendants' responses to Plaintiff's interrogatories and

---

[2] The proposed Third Amended Complaint also seeks to add a new Count V alleging Civil Conspiracy against all Defendants. Defendants' response does not specifically address this proposed new civil conspiracy claim, although it does state that it would be prejudicial to require Defendants to defend against claims of conspiracy without knowing the identity of the parties with whom they alleged conspired. (Doc. 239 at 3.) The Court views Defendants' opposition as directed only to the John Doe issue and not as an opposition to the joinder of the additional claim for relief based on civil conspiracy.

Defendants' production of approximately 112,000 pages of documents to Plaintiff. (*See* Doc. 239 at 2.)  According to Plaintiff, however, significant discovery remains to be completed as Defendants "have not yet produced any of their electronic discovery (and some Defendants have not even completed their hard copy production despite protestations of good faith and reasonable diligence) in response to document requests served in November, 2005 . . ." (Doc. 243 at 2 - 3.)  Further, no depositions have occurred.  (*Id*. at 3.)  As a result, Plaintiff contends it is "presently unaware of the precise identify [sic] of all potential party defendants despite its diligence and good faith efforts to obtain discovery from Defendants." (*Id*.)  Therefore, according to Plaintiff, the inclusion of John Doe Defendants is necessary.

## DISCUSSION

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires.  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given. **Foman v. Davis**, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); **Frank v.**

*U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendants do not object to Plaintiff's request for leave to amend the Complaint's factual allegations or to add the specifically identified new parties (Coventry Health and Life Insurance Company, SouthCare PPO, Inc. and Humana Insurance Company). (Doc. 239 at 2.) Defendants do, however, contend that the inclusion of "Does 1 - 50" will result in "clear prejudice" to the currently-named Defendants. (*Id.* at 3.) Defendants contend this would "create significant obstacles to the efficient administration and timely prosecution of this case." (*Id.*) Defendants contend it also would be "plainly prejudicial to force Defendants to defend against claims of conspiracy without knowing the identity of those entities with which they are alleged to have conspired - - even though [Plaintiff] plainly knows who at least some of these supposed coconspirators are." (*Id.*) Finally, Defendants contend the inclusion of the Doe Defendants would "impose potentially serious discovery burdens on the Defendants," because they would be "forced to repeat substantial portions of discovery in order to develop facts relating to these new parties." (*Id.* at 4.)

"Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be

served." ***Roper v. Grayson,*** 81 F.3d 124, 126 (10th Cir. 1996) (citations omitted); *See also* ***Frischenmeyer v. Buffington***, 162 F.3d 1173 (Table), 1998 WL 777382 at * 2 (10th Cir. 1998). Defendants are correct, however, that, "[a]s a general rule, federal courts disfavor the use of unidentified Doe defendants." Doc. 239 at 4, citing ***Njoku v. Unknown Special Unit Staff***, No. 99-7644, 2000 U.S. App. LEXIS 15695, at *2 (4th Cir. July 7, 2000.) The use of such defendants "is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." ***Njoku***, at *2.

As stated previously, Plaintiff argues that it is unable to precisely identify all of the potential party defendants, despite its diligence and efforts, because it has not received from Defendants full responses to discovery requests Plaintiff served some six months ago. (Doc. 243 at 2 - 3.) Furthermore, Plaintiff points out that at the most recent conference and in the Court's recent Scheduling Order, the parties were given additional time until September 11, 2006, to file any additional motions for leave to join additional parties or to otherwise amend the pleadings. (Doc. 242 at 6.)

Having considered the arguments of the parties, both in their briefs and oral arguments made during the May 16, 2006, scheduling conference, the Court finds

that Plaintiff should be allowed to file its proposed Third Amended Complaint in the form attached to the pending motion with only slight modifications as set out later in this Memorandum and Order. The Court, however, agrees with Defendants that Plaintiff cannot indefinitely delay the identification of any proposed additional defendants that may need to be joined in this case. The Court also agrees with Defendants' observation that due to the nature of the health care industry and the geographic market alleged by Plaintiff in this case, there are a finite number of possible additional defendants that Plaintiff could identify. The Court doubts that there are anywhere near fifty such possible additional parties. Finally, the Court believes that Plaintiffs should be able to specifically identify any such potential parties through examination of the paper and electronic discovery required of Defendants under the Court's scheduling order. Therefore, Plaintiff will be expected to specifically identify any potentially new parties by the Court's deadline of September 11, 2006.

The Court is cognizant of the fact that any joinder of additional parties may ultimately require the current Defendants to reexamine, and possibly repeat or expand their prior discovery responses in order to encompass information concerning any newly-joined defendants. As to electronic discovery, this can hopefully be accomplished by modifying some of the search terms used in

searching the universe of electronic materials.  At this point, the Court cannot predict that any such additional discovery would be so extensive as to be unduly prejudicial to Defendants.  Nor does the Court believe that Defendants' other claims of prejudice are so significant as to warrant a denial of the present motion to amend.

The Court, therefore, GRANTS Plaintiff leave to file a Third Amended Complaint.  However, the proposed form of the Third Amended Complaint should be modified as to Defendant Board of Trustees of North Kansas City Hospital.

On July 15, 2005, Defendant Board of Trustees of North Kansas City Hospital filed a Motion to Dismiss (Doc. 75)  The motion sought an order striking the antitrust damages claims in Counts I and II (the Sherman Act violations) of Plaintiff's Amended Complaint (Doc. 61), and also sought dismissal of Plaintiff's Count III (tortious interference against the "Hospital Defendants").  On December 21, 2005, the District Court granted this motion, in part, dismissing the damage claims in Counts I and II of Plaintiff's second Amended Petition as to Defendant Board of Trustees of North Kansas City Hospital.  (Doc.173.)[3]

---

[3] On September 20, 2005, while the Hospital's motion to dismiss was pending, Plaintiff filed a Second Amended Complaint. (Doc. 111.)  That Second Amended Complaint also included the same antitrust damage claims and tortious interference claims as the earlier First Amended Complaint.

Plaintiff now seeks to replead its antitrust damage claims in Counts 1 and 2 of the Third Amended Complaint against Defendant Board of Trustees of the North Kansas City Hospital solely for the purpose of preserving its right to appeal the Court's decision on the prior motion to dismiss. (Doc. 237.) Plaintiff notes that the Court's Order dismissing these claims did not include any direction to Plaintiff with respect to further amendments to the pleadings as have been included in other orders in this District. (*Id.* at 2-3.) Therefore, to clarify this point, Plaintiff shall <u>not</u> replead in its Third Amended Complaint the antitrust damage claims against the Board of Trustees of North Kansas City Hospital which were dismissed by the Court's prior Order filed December 21, 2005. (Doc. 173.) The failure to reallege such claims and allegations in accordance with this Order shall not be deemed a waiver of any assertions Plaintiffs may wish to make at a later date that the Court's dismissal of such claims and allegations was erroneous.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Third Amended Complaint is GRANTED. Plaintiff shall file its Third Amended Complaint in the form attached to its motion, <u>but corrected to comply with the</u>

<u>provisions of this Order,</u> on or before **June 19, 2006**.

      **IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 5th day of June, 2006.

                                           <u>  s/ Donald W. Bostwick       </u>
                                           DONALD W. BOSTWICK
                                           United States Magistrate Judge