**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**
OFFICE OF THE MAGISTRATE
UNITED STATES COURTHOUSE
**WICHITA, KANSAS 67202**

**DONALD W. BOSTWICK**
UNITED STATES MAGISTRATE JUDGE

Phone: 316-269-6114

December 12, 2006

RE:   *Heartland Surgical Speciality Hospital vs.*
       *Midwest Division, et.al.*, No. 05-2164-MLB-DWB

Dear Counsel:

The Court has received email communications from Mr. Craig O'Dear, on behalf of all Defendants, and from Mr. Siegel, on behalf of Plaintiffs, concerning the inability of the parties to agree on the final scheduling of Plaintiff's Rule 30(b)(6) deposition.

At a telephone hearing on December 8, 2006, the Court ruled that Defendants could have up to 24 hours of time to complete Plaintiff's Rule 30(b)(6) deposition covering topics 18-55 in the deposition notice. *See* Minute Entry, Doc. 365. The Court had previously ordered the deposition to commence on December 11, 2006. *See* Doc. 357, ¶ 2. The parties advised the Court that Plaintiff had requested that the deposition not commence until December 13, 2006, and that Defendants did not object to this change. The court agreed that the deposition could commence on December 13, 2006, but inquired at the hearing whether it would be completed by the end of that week. Mr. Siegel indicated that it probably would not, and that he would check with his witness about his availability on Monday, December 18, 2006. The Court was left with the firm impression that, based on prior depositions, it was not feasible to expect more than approximately 6 hours of deposition time during a day. The Court directed the parties to meet and confer about the final schedule for this deposition.

As indicated by the emails, the parties cannot agree on that schedule. Plaintiff wants Defendants to complete the deposition during the three-day period from Wednesday, December 11 through Friday, December 15, by starting at 8:30 a.m. and continuing through 6 p.m.; and, if the deposition is not completed on Friday, to continue on Saturday, December 16. Defendants object and propose that the deposition be completed on Tuesday, December 19, citing the fact that Hanukah begins at sundown Friday, December 15, and the desire of out-of-town counsel to be home for the holiday weekend. Both parties agree that the Court may resolve this hearing based on the information presented in the email communications.

The Court directs that Plaintiff's Rule 30(b)(6) deposition shall be completed as follows:

On Wednesday, December 13 and Thursday, December 14, the deposition shall

1

commence at 9:00 a.m. and conclude not later than 6:00 p.m., with not more than a one hour break for lunch.

On Friday, December 15, the deposition shall commence not later than 9:00 a.m. and shall conclude not later than 5:00 p.m., with not more than a one hour break for lunch.

The deposition shall then be concluded (subject to the 24 hour maximum set by the Court) on either Tuesday, December 19, Wednesday, December 20 or Thursday, December 21. Plaintiff has not stated to the Court that its witness is unavailable during this time period; however, for Plaintiff's convenience, the Court will allow Plaintiff to select which of these days is used to complete the deposition, and Plaintiff shall notify Defendants of its selection not later than 5:00 p.m. on Wednesday, December 13. On the day selected by Plaintiff, the deposition shall commence at 9:00 a.m. and conclude not later than 6:00 p.m., with not more than a one hour break for lunch.

This schedule will allow out-of-town counsel to travel home for the weekend while allowing Plaintiff's witness some scheduling flexibility. The Court would note, however, that as this case progresses, the time schedule set by the Court may well require multi-track depositions and some weekend depositions, and may require out-of-town counsel to decide whether they must be present at a specific deposition or whether they can utilize their local counsel.

> Very truly yours,
>
> s/ DONALD W. BOSTWICK
> U.S. MAGISTRATE JUDGE