## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HEARTLAND SURGICAL | ) | |
| SPECIALTY HOSPITAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-2164-MLB-DWB |
| | ) | |
| MIDWEST DIVISION, INC. d/b/a | ) | |
| HCA MIDWEST DIVISION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER CONCERNING
## MOTIONS TO SEAL MOTION TO COMPEL
## AND RELATED RESPONSES AND REPLIES

### FACTUAL BACKGROUND

On December 8, 2005, the Court approved and filed a Stipulation and

Protective Order Governing the Production and Exchange of Confidential

Information (Doc. 170) which had been agreed to by all parties in this case.  That

Protective Order created two classifications of protected information, and

differentiated as to who would be granted access to each type of information.

"Confidential Information" included documents or testimony which contain "any

trade secret or other confidential research, proprietary, personnel, development, or

commercial information as such terms are used in Fed.R.Civ.P. 26(c)(7)."  (Doc.

1

170 at ¶ 1(a)).  "Confidential Information-Attorneys Eyes Only"meant any

information that met the standards for Confidential Information, and

> which the producing party has a good faith basis for
> contending is extremely sensitive confidential and/or
> proprietary information, the disclosure of which, even
> limited to the restrictions placed on Confidential
> Information in this Order, may compromise and/or
> jeopardize the producing party's business interests, and
> further is designated as such by the party producing the
> information . . . .

(Doc. 170 at ¶ 1(b)).[1]

Paragraph 3 of the Protective Order outlined the procedure to be followed

when a party sought to disclose any "Confidential Information" or "Confidential

Information-Attorneys Eyes Only" in an affidavit, brief or memorandum to be filed

with the Court.  If the producing party would not authorize the filing of a protected

document, the party seeking to use that document in support of a court filing was

required to file electronically a motion for leave to file that document or

confidential information under seal.  The document itself would not be attached to

the motion to seal, but was to be provided to the Court and all other counsel.  Other

---

[1]  Since its entry, the Protective Order has been modified on several occasions.  *See e.g.,* Status Conference Order No. 1, Doc. 319 at ¶ 1 (amending paragraph 3 of the protective order); Memorandum and Order Modifying Stipulation and Protective Order, Doc. 331 at 9-11 (modifying paragraph 7 of the protective order); and Status Conference Order No. 2, Doc. 357 at ¶ 5 (modifying paragraph 7(c)(i)(1) of the protective order).  Yet another motion to modify the protective order is presently pending before the Court.  *See* Doc. 360.

counsel were then granted time to file any response to the motion to seal. The

protective order continued by stating that

> The burden of proof and persuasion shall be on the
> Producing Party to demonstrate to the Court a public or
> private harm sufficient to justify the sealing of the
> documents or testimony it designated as Confidential
> Information or Confidential Information-Attorneys' Eyes
> Only.

Doc. 170, ¶ 3 at 6.

Plaintiff has filed a motion for leave to file under seal a motion to compel

and supporting memorandum against Defendant Cigna. (Doc. 282.) Also before

the court are related motions to seal Cigna's response (Doc. 292), Plaintiff's reply

(Doc. 295), Cigna's supplemental memorandum (Doc. 355),[2] and Plaintiff's

supplemental memorandum. (Doc. 368.)

Plaintiff states that it filed the motion for leave to file under seal because

Defendants would not agree to allow Plaintiff to file certain documents produced

by Defendants and designated as either "Confidential Information" or

"Confidential Information-Attorneys Eyes Only" in support of Plaintiff's motion to

compel. Plaintiff, however, contends that there will be no public or private harm

---

[2] Cigna filed a motion for leave to file this supplemental memorandum. (Doc.
354.) At a telephone conference on December 8, 2006, the Court orally granted Cigna's
motion and also allowed Plaintiff to submit a responsive supplemental memorandum. *See*
Doc. 365 at 2-3.

that would justify sealing either the documents which are attached to the motion to compel as Exhibits 1-4, or justify sealing the motion itself, which quotes from portions of those documents.  (Doc. 282.)[3]  Cigna responds that the documents Plaintiff seeks to file as a public record "are commercially sensitive documents regarding highly confidential contract negotiations, as well as internal contracting and business strategies."  (Doc. 292.)

## DISCUSSION

Before deciding the specific motions for leave to seal which are now before the Court, it should be noted that the entire issue of sealed documents looms as a potentially significant problem in this case.  In prior hearings, the Court was advised that in excess of 90% of all documents produced to date by both Plaintiff and all Defendants had been designated as either "Confidential Information" or "Confidential Information-Attorneys Eyes Only."  (Doc. 325, Tr. 9/13/06 at 11-12.)  This, coupled with the sheer volume of documents being produced in this case,[4] gives the Court serious concern about an efficient means of pretrial case

---

[3]  In its reply concerning the motions to seal, Plaintiff notes that it also has, in its reply memorandum concerning the motion to compel, attached as Exhibit A and quoted from another document produced by Defendants and designated as "Confidential Information-Attorneys Eyes Only" under the protective order.  (Doc. 295 at 2.)

[4]  At the September 13, 2006 status conference, the court was advised that Defendants had produced over 1,729,320 pages of electronic documents.  (Doc. 325 at 11, 40.)  At the November 16, 2006, status conference the Court was advised that Plaintiff

management.  The Court has already had to modify the protective order to deal

with the use of confidential documents during depositions.  *See* Doc. 331.  The

present motions for leave to seal all of the pleadings concerning a *single* motion to

compel further demonstrate how cumbersome it is to deal with confidential

documents used in support of motions.  The Court has mentioned this in past status

conferences, Doc. 325, Tr. 9/13/06 at 32-33, and will expect counsel to use their

best efforts to limit the attachment of, or extensive quoting from, material that has

been designated for confidential treatment under the protective order when filing

motions or briefs on discovery issues.  *See* D. Kan. Rule 5.4.5 (stating that a filing

party "must submit as exhibits or attachments <u>only</u> those excerpts of the referenced

documents that are <u>directly germane</u> to the matter under consideration by the

court."  (emphasis added)).

    As to the present motions for leave to file under seal, the briefs initially

raised a procedural issue concerning the protective order which originally set out

two different time periods for (1) motions concerning objections to a producing

party's designation of confidentiality, see Doc. 170, ¶ 5(c) (ten days), and (2)

responses to a motion to seal documents designated as confidential, *see* Doc. 170, ¶

─────────────────────

had produced 1,000,000 pages of images and 800,000 pages of OCR text, not counting
the 30,000 pages of electronic data previously produced in August 2006.

3 (three business days). Several Defendants requested oral argument on Plaintiff's motion for leave to file under seal so they could address this procedural issue. (Doc. 287.) At the status conference of September 13, 2006, the Court advised that it would hear oral argument concerning the motions, at which time the parties announced to the Court that they had agreed on an amendment to the protective order to remedy this timing discrepancy. (Doc. 325, Tr. 9/13/06 at 11-19.) Thereafter, paragraph 3 of the protective order was amended so that a party objecting to a motion for leave to file under seal now has ten days to file a response. (Status Conference Order No. 1, Doc. 319 at ¶ 1.) This procedural timing issue has therefore been resolved.

This leaves the ultimate substantive issue as to whether either the documents attached as exhibits to the motion to compel and supporting memorandum, or the motion and memorandum themselves (which quote from those attached documents), should be allowed to be filed under seal.

In ***Bryan v. Eichenwald***, 191 F.R.D. 650 (D. Kan. 2000), Judge Rushfelt reviewed the standards that apply when parties seek to file pretrial motions under seal. After reviewing cases both in the discovery and non-discovery context, the court determined that

> To protect the interest of the public, parties seeking to
> seal documents relating to discovery must demonstrate

6

> good cause for such action.   Good cause to override the public's interest in the case by sealing a part or the whole of the record of the case generally does not exist unless a property or privacy interest of a litigant predominates the case.
>
> *   *   *
>
> At whatever stage of the litigation, however, the movant must demonstrate a public or private harm sufficient to overcome the public's right of access to judicial records.

191 F.R.D. at 652-53.[5]  *See also* ***Williams v. Sprint/United Management Co.,*** 222 F.R.D. 483, 488-89 (D. Kan. 2004).  For this reason, courts in this district have refused to allow protective orders which permit any party to file documents under seal without first filing a motion with the court and identifying the public or private harm that would allegedly occur if the document were filed of record without being sealed.  ***Worford v. City of Topeka,*** No. 03-2450-JWL-DJW, 2004 WL 316073 (D. Kan. Feb. 17, 2004).

While recognizing a common law right of access to judicial records, the Supreme Court has also noted that this right is not absolute.  ***Nixon v. Warner Communications, Inc.,*** 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570

---

[5] Other courts in the district have distinguished somewhat between the broad latitude the court has to accord confidentiality to the parties' discovery and other preliminary proceedings, and the narrower discretion the court has in issuing orders resolving litigation.  *See e.g.,* ***Vulcan Materials Co. v. Atofina Chemicals Inc.,*** 355 F. Supp. 2d 1214, 1216-18 (D. Kan. 2005)(noting the strong public policies supporting open access to the decisions of the courts and concluding that documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.)

(1978).  In exercising its discretion in light of all facts and circumstances, a court is justified in denying access where court files might become a vehicle for some improper purpose.  *Id.*

With the above standards in mind, the court has reviewed Plaintiff's motion to compel, with attached Exhibits 1-4, Defendant Cigna's response, Plaintiff's reply, with attached Exhibit A,[6] Cigna's supplemental memorandum, with attached Exhibits 1-3, and Plaintiff's supplemental memorandum. The Court will discuss each of these pleadings separately.

### 1.    *Plaintiff's motion to compel.*

This motion itself does not quote from any of the documents identified as confidential.  An Exhibit 1 is attached which is a Certificate of Consultation.  The certificate itself does not quote from any of the documents identified as confidential, but it, in turn, has two attached exhibits: Exhibit A is a portion of Cigna's privilege log; Exhibit B is the parties' correspondence in an attempt to resolve the privilege dispute prior to any motion to compel.  One piece of correspondence from Plaintiff's counsel dated July 7, 2006, does contain a quote

---

[6]  The Exhibit A attached to Plaintiff's reply was a document produced by Defendant Midwest Division, Inc. d/b/a HCA Midwest Division, and the court has also considered that Defendant's response (Doc. 297) to Plaintiff's motion for leave to file the reply (and attached Exhibit A) under seal.

from one confidential document (MWDV-0002839).[7]

The supporting memorandum has four attached exhibits, each of which were designated for confidential protection by a Defendant:

> Exhibit 1 is an Amendment to the Hospital Managed Care Agreement between Cigna & HCA-Midwest Division.  It was signed in early 2005, and purports to deal *inter alia* with payment rates, some of which are applicable through April 30, 2007.  The amendment appears to involve institutions in the general Kansas City area.  The amendment indicates that there were several attachments dealing with case rates, but those attachments were not included as part of the exhibit. A small portion of Exhibit 1 is quoted in Plaintiff's memorandum at pages 2-3.

> Exhibit 2 is entitled HCA Midwest and Cigna Contract Discussion Points 2/2/04.  Portions of the document refer to the percentage amounts of annual increases in charges, discount rates, etc.  However, only a portion of paragraph 1 of this document is quoted in correspondence attached to Plaintiff's motion (Exhibit B to Exhibit 1) and in Plaintiff's memorandum (pages 3-4, 8), and those quotations involve PPO exclusivity and do not contain any pricing or discount information.

> Exhibit 3 is a series of e-mails, many of which are intra-office within the Humana organization.  These appear to relate to facilities located in El Paso, Texas, and are all dated in October, 2002.  Only a small part of these e-mails are quoted in Plaintiff's memorandum at page 4, note 1.

> Exhibit 4 is a letter from HCA to Cigna dated October 30, 2004 involving contract negotiations.  The letter includes some provisions which set out specific charges or methods of calculating charges or discounts.  Only one sentence concerning antitrust liability

---

[7] This is the document attached to Plaintiff's memorandum as Exhibit 2.

indemnification is quoted in Plaintiff's memorandum at page 5.

After reviewing these materials, the Court concludes that none of the
provisions quoted in the motion (and attached exhibits)[8] or in the memorandum
appear to be so confidential in nature as to require that those pleadings be sealed.
As to those quoted portions, Defendants have not met their burden of showing that
disclosure of such in the public record would result in public or private harm to the
extent that would outweigh the public's right of access to court records.

However, the harm that might result from the filing of full copies of Exhibits
1-4 that are attached to Plaintiff's memorandum is more problematic.  Exhibits 1, 2
and 4, for example, contain what appears to be some confidential pricing and
discount information.  Exhibit 1 is a amendment to a contract that appears to
continue, at least in part, throughout the early part of the year 2007.  From this
five-page document, Plaintiff only quotes three short paragraphs, none of which
involve pricing or discount provisions.  Likewise Plaintiff quotes only a part of one

---

[8] The Court believes that the voluminous correspondence attached to the
Certificate of Consultation, which itself is an attachment to the motion to compel, is
wholly unnecessary.  D. Kan. Rule 37.2 states that such a certification "shall describe
with particularity the steps taken by all counsel to resolve the issues in dispute."  That
does not, however,  require that fifteen pages of letters and e-mails be attached to the
certificate, particularly letters which include information that is being claimed as
confidential under the protective order.  Obviously, if a dispute arises about whether the
parties conferred "in good faith," the Court can request such correspondence if necessary.

paragraph of Exhibit 2 which contains 17 other paragraphs that discuss discounts and charges.  As to Exhibit 4, Plaintiff quotes a single sentence from a three-page letter.  While the quoted paragraphs from these exhibits do not contain information that would result in public or private harm sufficient to justify sealing the basic pleading itself, the other portions of these exhibits may disclose sensitive pricing and/or discount provisions to competitors if the full documents are filed of record.

Exhibit 3 is particularly problematic since it deals with an entirely different geographic area (Texas) and a much earlier time frame (2002).  The Court fails to see how any portion of that document is germane to the issues of waiver of attorney-client privilege which are the subject of the present motion to compel.  By attaching this document, Plaintiff has failed to comply with the requirements of D. Kan. Rule 5.4.5, and the attachment of document is not proper.  Defendants suggest that Plaintiff is attaching some of these materials as part of a "misinformation campaign."  While the Court does not attribute any improper purpose for Plaintiff's attachment of these documents, the small amount of material actually quoted from the attached exhibits demonstrates that it was not necessary to attach full copies of the documents in order to present and support  arguments on the issues presented by the motion to compel.

Because Plaintiff has not followed D. Kan. Rule 5.4.5 by limiting their

11

attachments to excerpts that are directly germane to the matter under consideration by the Court, and because it is arguable[9] that the remainder of the attachments contain sensitive price information, the Court will exercise its discretion and seal Exhibits 1-4 that are attached to Plaintiff's memorandum.

**2.      *Cigna's response to the motion to compel.***

Cigna's response neither attaches any documents that were designated as confidential nor does it quote from any such documents.  It merely references in a summary manner portions of the 2005 Amendment which was attached as Exhibit 1 to Plaintiff's memorandum, and the 2/2/04 Contract Discussion Points which was attached as Exhibit 2 to Plaintiff's memorandum.

The Court finds nothing in Cigna's responsive memorandum that would warrant sealing it.

**3.      *Plaintiff's reply concerning the motion to compel.***

Plaintiff's reply includes an attached Exhibit A which is a chart entitled KC

---

[9]  While the Court finds that, under the present facts and circumstances, Defendants have met their burden of showing the likelihood of private harm if the full documents are filed of record <u>at this time</u>, their showing has not been particularly compelling in nature.  In the future, any claims of public or private harm by a party seeking to have a document sealed must be supported by more than counsel's generalized statements.  It is only because the documents themselves contained price and discount information that the Court was persuaded in this specific instance to seal the attachments. Absent that specific type of information, the court would be wholly unable to find that the documents disclosed a party's "negotiation strategy" without some specific <u>evidence</u> on the part of the contesting party.

Managed Care Marketplace- Hospital Network Composition Snapshot (Jackson and Johnson Counties-March 2004 (MWDV 0057246-47) which was produced by Midwest under the confidentiality provisions of the protective order.  Plaintiff quotes only a few words from this exhibit at page 6 of its memorandum.  The purported relevance of the exhibit is due to its closeness in time to the date of the HCA Midwest and Cigna Contract Discussion Points 2/2/04 which was Exhibit 2 to Plaintiff's initial memorandum.  It contains no information which the Court can ascertain that is directly germane to the attorney-client waiver issue which is the subject of Plaintiff's motion to compel.

Midwest, in its response concerning the motion to seal Plaintiff's reply and this attached Exhibit A (Doc. 297), argues through statement of its counsel that "Midwest Division would be disadvantaged in the marketplace if the Court were to make public Midwest Division's internal report of network configuration clauses." *Id.* at 5.  Midwest urges that disclosure of this document might result in private harm to Midwest in that it "could include less favorable contract terms with managed care organizations and possibly reduced patient referrals from the organizations." *Id.*  As to public harm, Midwest urges that disclosure of this document "could lead to reduced competition among the Kansas City hospitals for managed care contracts, which may lead directly to increased health care costs."

*Id.* at 6.  These generalized arguments of counsel do not meet a party's burden to show a private or public harm that would outweigh the public's right to access to court documents.  Moreover, it is entirely speculative in nature, and fails to explain precisely how disclosure of this document might lead to the drastic results forecast in their brief.

Balancing the limited relevance of Exhibit A to the issues before the court in the present motion to compel against Midwest's minimum and speculative showing of harm, the Court will <u>temporarily</u> allow this exhibit to be filed under seal, and will require the parties to meet and confer as to whether it should be unsealed.  If the parties cannot reach agreement, Midwest will be allowed to file a supplemental pleading opposing any removal of the seal and will be required in that pleading to submit <u>evidence</u> rather than mere attorney argument concerning any alleged public or private harm that would be suffered if the document were unsealed.[10]

---

[10]  Both Cigna and Midwest have argued that they do not need to identify all arguments as to why the subject documents are properly designated for confidentiality protection under the protective order until Plaintiffs file a motion objecting to Defendants' designation as to a particular document.  The Court, however, does not believe that a party can lay back when facing a motion for leave to file a confidential document under seal.  While a document may properly be designated as confidential under the protective order, the party opposing its filing as part of the court record still must come forward with evidence as to the nature of the public or private harm that would result if it were so filed.  *See e.g.*, ***Worford v. City of Topeka,*** No. 03-2450-JWL-DJW, 2004 WL 316073 at * 1 (D. Kan. Feb. 17, 2004).  Also, the Court finds no obligation for a party to first formally contest the classification of a document as confidential before filing a motion for leave to file that document under seal.

**4.** *Cigna's supplemental memorandum.*

Cigna submitted a supplemental memorandum dealing with "new" items that had not been available when their initial response was submitted. Attached were three exhibits: Exhibit 1 is a copy of an Order issued by the United States District Court for the District of New Jersey in a separate case; Exhibits 2 and 3 are copies of portions (pages 235-260 and 320-322) of the Rule 30(b)(6) depositions of Cigna which were taken on October 18-19, 2006.

A review of the supplemental memorandum itself discloses no quotations *per se* from the deposition transcripts, but it does include a generalized and somewhat cursory summary of testimony by Cigna pertaining to the attorney-client privilege issue which is the subject of Plaintiff's motion to compel. The Court can ascertain no reason for the supplemental memorandum itself to be sealed.

Exhibit 1 is obviously not a confidential document since it is a public record of a federal court decision in another district cited in support of Cigna's legal position. There is no reason to seal that exhibit.

In moving to file its supplemental memorandum under seal, Cigna stated that the memorandum "generally references confidential information" subject to the protective order. Doc. 355 at 1. As to the deposition excerpts, Exhibits 2 and 3, Cigna states that these excerpts "are portions of depositions that are subject to the

15

highest level of protection under the Protective Order, "Confidential Information-

Attorneys Eyes Only." *Id.* at 2. Cigna further states that these exhibits

> implicate CHC-Ohio's most confidential internal
> deliberations concerning which providers to include in its
> network, why providers should be included in its
> network, and its negotiating strategy with providers,
> including provider defendants in this lawsuit. This
> information is not found in the public domain, and it
> concerns CHC-Ohio's most commercially confidential,
> sensitive and proprietary information.

*Id.*[11]

The Court has reviewed the deposition transcripts attached as Exhibits 2 and

3 and finds that they quote from Exhibit 2 to Plaintiff's initial memorandum (the

2/2/04 Contract Discussion Points) on several occasions. (Tr. pps. 250, 253, 257-

58.) Those quotes, however, are the same ones cited in Plaintiff's initial

memorandum in support of the motion to compel which the Court has previously

found should not be sealed. *See supra* at 9-10.

The transcripts also include, however, candid discussions about Cigna's

contractual needs and strategy *vis a vis* Midwest as well as other defendants such

as St. Lukes. At this early stage of discovery, the Court finds that Cigna has stated

---

[11] While Plaintiffs did not file a separate response to Cigna's motion to file this
supplemental memorandum under seal, Plaintiffs have objected to any filings under seal
concerning its motion to compel (Doc. 368), and this suffices as an objection to Cigna's
motion to seal its supplemental memorandum.

sufficient grounds for the temporary sealing of these deposition transcripts, with

the recognition that this entire Order sealing such transcripts will undoubtedly be

withdrawn in the future as this case proceeds to summary judgment and trial.[12]

**5.      *Plaintiff's supplemental memorandum.***

There are no documents attached to Plaintiff's supplemental memorandum.

It does contain a quote from Exhibit 2 to Plaintiff's initial memorandum, but this is

the same language quoted in Plaintiff's initial memorandum which the Court has

previously allowed to be filed without being sealed.  *See supra* at 9-10.  It also

quotes portions of the deposition testimony which was attached to Cigna's

supplemental memorandum as Exhibit 2.  Some of the quoted material is benign

and relates only to whether or not Plaintiff's counsel was allowed to inquire about

matters or was prevented from doing so by objections based on the attorney-client

privilege.  Other quotations are more related to the substance of negotiations

_____

[12]  As previously noted, this district is not inclined to maintain court documents
under seal during the summary judgment and trial stage. *See **Vulcan Materials Co. v.
Atofina Chemicals Inc.,*** 355 F. Supp. 2d 1214, 1216-18 (D. Kan. 2005).  *See also*
***Williams v. Sprint/United Management Co.,*** 222 F.R.D. 483, 488-89 (D. Kan. 2004).
While the undersigned magistrate judge will not be the trial judge in this case, it is
reasonable for all parties to assume that the trial judge is not likely to allow the continued
sealing of records during summary judgment motions and trial.  Also, by that time, it is
also questionable whether any of the testimony in the deposition transcripts would
continue to be as important as Cigna now believes, since the mere passage of time
necessarily dilutes the sensitive nature of pricing and bargaining positions which were in
effect in 2004.

between Cigna and Midwest-HCA.  However, the portions quoted are relatively short in length and do not appear to be of such a nature that they would result in public or private harm to Defendants if disclosed.  Therefore Plaintiff's supplemental memorandum will not be filed under seal.

## CONCLUSION

The Court has spent an inordinate amount of time reviewing in detail the material identified as confidential in nature under the protective order.  It has attempted to balance the possible private or public harm that might result to Defendants if these materials were filed in the public records against the public's right to access to court records and proceedings.  It has attempted to fashion the least restrictive method of interference with public access by sealing only the full documents attached as exhibits while allowing the allegedly germane portions to be quoted in the respective briefs of the parties.  Accordingly,

IT IS THEREFORE ORDERED that the motions for leave to file under seal (Doc.s 282, 292, 295, 355 and 368) are GRANTED IN PART and DENIED IN PART as set out in this Memorandum and Order.

IT IS FURTHER ORDERED that Cigna's motion for leave to file its supplemental memorandum (Doc. 354) is formally GRANTED and that

Defendants' motion for oral argument concerning the motions to seal (Doc. 287) is

hereby MOOT.

As to the procedure for filing the requisite documents, including the portions

to be filed under seal, the parties are hereby ORDERED to comply with the

following procedure:  The Clerk's office has now configured the CM/ECF system

so that a party may electronically file a document, or attachments to a document,

under seal.  Because these changes are very recent in nature, there are no

instructions for doing so under the present Administrative Procedures enacted by

the Court.  Consequently, each party who is directed by this Order to file any

portion of their pleadings under seal should first contact Leigh Kinzer in the

Clerk's office in Kansas City, Kansas, about the necessary procedures to be

followed in complying with this Order.[13]  The motion to compel should be filed

first, with the other filings being made sequentially.  All filings shall be made on or

before January 19, 2007.  Upon the filing of all the briefs concerning Plaintiff's

motion to compel, the Court will proceed to rule on the substance of that motion.

---

[13] Once documents are filed under seal electronically, no one, including counsel in
the case, will be able to view those sealed documents electronically unless the Clerk of
Court specifically reconfigures the case defaults to allow such viewing.  However, since
all counsel in this case have already been provided with copies of any of the documents
that are to be sealed pursuant to this Order, that should not be a problem at this time.  The
Court will consult with the Clerk's office about reconfiguring the system defaults in the
future so that counsel of record will be able to view sealed documents filed in this case.

Dated at Wichita, Kansas this 10th day of January, 2007.

___s/ DONALD W. BOSTWICK_____
UNITED STATES MAGISTRATE JUDGE