# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HEARTLAND SURGICAL ) <br> SPECIALTY HOSPITAL, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MIDWEST DIVISION, INC. d/b/a ) <br> HCA MIDWEST DIVISION, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 05-2164-MLB-DWB |

## **MEMORANDUM AND ORDER**

Before the Court is Defendants' joint motion to compel plaintiff Heartland Surgical Specialty Hospital LLC ("Heartland") to amend its privilege logs. (Doc. 406.) Heartland produced to Defendants one 7-page privilege log on June 23, 2006 (Doc. 407, Exh. A) and a second, 432-page privilege log on December 15, 2006 (Doc. 407, Exh. B). Defendants contend Heartland's privilege logs do not comply with Fed. R. Civ. P. 26(b)(5), federal case law, and the parties' "Agreed Order Establishing Protocol for Electronic Data in Compliance with D. Kan. Electronic Discovery Guidelines" (Doc. 198) ("Agreed Protocol"). The parties have fully briefed the matter. (Docs. 407, 408, 445, 472.) The nature of the underlying anti-

1

trust litigation is well-known to the Court and all parties and need not be detailed here.

## DISCUSSION

The parties submitted their Agreed Protocol which was approved by the Court on February 6, 2006, and which was to govern "the procedures and protocols . . . of all parties' production of Discoverable Electronic Information." (Doc. 198 at A.1.) The phrase "Discoverable Electronic Information" is defined, in pertinent part, as "discoverable documents and data existing in electronic form consistent with Fed. R. Civ. P. 34(a)." *Id.* at A.3. In addition, the parties agreed that if a party, for purposes of production, converts collections of paper documents to electronic documents, such documents shall be produced pursuant to the Agreed Protocol. *Id.* at A.2. Regarding privilege logs, the Agreed Protocol states:

> Should the producing party withhold any document based on a claim of privilege, the producing party shall, pursuant to Fed. R. Civ. P. 26(b)(5) and D. Kan. Local Rules, provide a privilege log containing at least the following information:
>
> i) The identity of each document's author, writer, sender:
>
> ii) The identity of each document's recipient, addressee, or person for whom it was intended;
>
> iii) The date of creation or transmittal indicated on each document, or an estimate of that date, indicated as

      such, if no date appears on the document;

   iv) The general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document; and

   v) The basis for any claim(s) of privilege (e.g., attorney-client privilege).

   vi) The number of pages in the document.

(Doc. 198 at D.9.)

 Fed. R. Civ. P. 26(b)(5), which is referenced in the Agreed Protocol states:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to access the applicability of the privilege or protection.

Many cases within this district have discussed privilege log requirements as governed by Rule 26(b)(5). The cases establish the following general rules.

 A party asserting attorney-client privilege and work-product immunity has the burden of establishing that the privilege or immunity applies and must carry that burden with a "clear showing" of the applicability of the privilege or immunity. ***Ali v. Douglas Cable Comms., Ltd. P'ship***, 890 F. Supp. 993, 994 (D. Kan. 1995). The asserting party must describe in detail the documents sought to be

3

protected and must provide precise reasons for each element of the claim of privilege or immunity. ***Nat'l Union Fire Ins. Co. v. Midland Bancor, Inc.***, 159 F.R.D. 562, 567 (D. Kan. 1994). The attorney-client privilege and work-product immunity doctrines are narrowly construed. *Id.*

Courts in this district have determined that Rule 26(b)(5) requires the following with regard to privilege logs:

> 1. A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;
>
> 2. The date upon which the document was prepared;
>
> 3. The date of the document (if different from #2);
>
> 4. The identity of the person(s) who prepared the document;
>
> 5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, 'including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney;'
>
> 6. The purpose of preparing the document, including an evidentiary showing, based on competent evidence, 'supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;' a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, 'that the documents do not contain or

4

> incorporate non-privileged underlying facts;"
>
> 7. The number of pages of the document;
>
> 8. The party's basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and
>
> 9. Any other pertinent information necessary to establish the elements of each asserted privilege.

*In re Universal Serv. Fund Tel. Billing Practices*, 232 F.R.D. 669, 673 (D. Kan. 2005). Similar general guidelines have been repeatedly stated by the courts in this district. *See e.g.*, *Heavin v. Owens-Corning Fiberglass*, No. 02-2572-KHV-DJW, 2004 WL 316072, at *7-8 (D. Kan. Feb. 3, 2004); *Sonnino v. Univ. of Kan. Hosp. Authority*, 220 F.R.D. 633, 659 (D. Kan. 2004); *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 661 (D. Kan. 2003); *Stewart v. Mitchell Transport*, No. 01-2546-JWL, 2002 WL 1558210, at *9 (D. Kan. July 8, 2002); *Hill v. McHenry*, No. 99-2026, 2002 WL 598331, at *2 (D. Kan. Apr. 10, 2002); *Simmons Foods, Inc. v. Willis*, No. 97-4192-RDR, 2000 WL 204270, at *5 (D. Kan. Feb. 8, 2000); *In re RFD*, 211 B.R. 403, 409 (Bankr. D. Kan. 1997).

Defendants argue that Plaintiff's privilege log fails to comply with the requirements of Fed. R. Civ. P. 26(b)(5), federal case law and the Agreed Protocol. (Doc. 406 at 1.) Heartland responds: 1) that its privilege logs are in compliance

5

with the Agreed Protocol; 2) that any other standard is more restrictive than the Agreed Protocol and should not be applied, <u>either to electronic or paper discovery</u>; and 3) granting Defendants' motion would allow Defendants to hold Heartland to a standard of compliance that Defendants are not conforming to. (Doc. 445.) Defendants reply that the Agreed Protocol does not "supplant" the requirements imposed under the Federal Rules, and Plaintiff's privilege logs do not even comply with the Agreed Protocol. (Doc. 472 at 2.)

The Court does not agree completely with either side's arguments concerning the interplay between Fed. R. Civ. P. 26(b)(5) and the Agreed Protocol in this case. As noted above, Rule 26(b)(5) does not specify what categories of information must be provided in a privilege log, rather it requires sufficient information so that opposing parties can assess the applicability of the claimed privilege. Case law has attempted to define what basic information is required to comply with Rule 26 and has categorized the information that would normally be required. When the parties began to negotiate the Agreed Protocol, they all knew, or should have known, about the case law in this District which describes the specific component elements of a privilege log that would satisfy the generic requirements of Rule 26(b)(5). When they itemized the categories of information that would be required if documents were withheld based on a claim of privilege in

Paragraph D.9 of the Agreed Protocol, and when they tendered that document to the Court for approval, they must have concluded that if they had this specific information, "at the least," they would be able, at least initially, to assess any claim of privilege as to electronic documents. Thus, while the Agreed Protocol does not "supplant" the Federal Rules, it does evidence all parties' agreement as to what information would <u>initially</u> be required in a privilege log. Viewed any other way, the entirety of Paragraph D.9 is of no consequence or meaning. Defendants would have the Court rewrite the Agreed Protocol to effectively provide that all privilege logs shall contain the categories of information established by case law in the District of Kansas. If that's what Defendants really meant, they should have stated that in the Agreed Protocol rather than describing specifically what would be required "at the least" in any privilege log. Defendants' arguments now that the reference to Rule 26(b)(5) in the Agreed Protocol "obligates Plaintiff to abide by the rules cited," Doc. 472 at 2, is at best a strained interpretation of the language they specifically proposed for the Agreed Protocol. *See infra* at p. 17. Thus, as to any privilege logs concerning electronic documents, Plaintiff was required to <u>initially</u> comply with the Agreed Protocol.

The Court does not agree, however, with Plaintiff's position that the Agreed Protocol applies to production of paper documents that were not converted to and

7

produced in electronic format. Clearly the Agreed Protocol is to apply only 1) to "Discoverable Electronic Information," a defined term that includes only documents and data in electronic form, and 2) collections of paper documents converted to electronic documents for purposes of production. (Doc. 198 at A.1, A.2 and A.3). To attempt to stretch the Agreed Protocol to apply to other discovery would require the Court to totally disregard many of the document's specific definitions and provisions. It is clear to the Court that the parties' Agreed Protocol for privilege logs applies only to electronic documents and does not apply to traditional paper discovery.[1]

Finally, while the Agreed Protocol may state the "minimum" that must be provided on an initial privilege log for electronic documents, the Agreed Protocol does not prevent the Court from requiring additional information if, after motion by a party, the Court finds that the information provided is not sufficient to assess the applicability of the privilege asserted. Defendants are now making this claim.

With this background, the Court turns to the substantive question of whether

---

[1] Plaintiff states that Defendants have not previously argued that the Agreed Protocol covered only electronic documents and questions why anyone would take that position. (Doc. 445 at 2 n. 1.) This overlooks the fact that the volume of electronic discovery was anticipated to be much larger than conventional paper discovery and might therefore justify different treatment. That, in fact, is the whole idea of working out an agreed method of electronic discovery which was the very purpose of the Agreed Protocol.

Plaintiff's privilege logs contain adequate information to comply with the Agreed Protocol as to electronic documents or Rule 26(b)(5) as to paper documents, and whether additional information is required in Plaintiff's privilege logs in order to assess the validity of Plaintiff's claimed privileges. The Court understands that some conventional paper document production has occurred in this case, but the vast volume of production has been in electronic format. However, neither of Plaintiff's privilege logs describe which withheld documents are in conventional paper format and which are in electronic format.

Defendants allege the privilege logs of Heartland are deficient in four respects: 1) Heartland's privilege logs fail to identify the person who prepared the documents; 2) Heartland's privilege logs fail to provide a sufficient description of the document because they do not provide a basis for a claim of privilege, do not adequately describe the documents withheld, and do not provide a subject-matter description of the documents withheld; 3) Heartland's privilege logs fail to provide a sufficient description of the person for whom the document was prepared and the recipient of each document; and 4) Heartland's privilege logs fail to sufficiently identify the date the document was prepared or the date of the document. (Doc. 408.)

After reviewing the portions of Heartland's privilege logs which were

attached as exhibits to Defendants' motion, the Court finds Heartland's logs to be insufficient. As discussed more fully below, it is clear upon even a cursory review that Heartland has not even complied with the Agreed Protocol in numerous instances.

The June 23, 2006 privilege log is deficient in isolated sections only. For example, in the "Date of Creation or Transmittal" column, items 4, 22, and 25 are blank. The Agreed Protocol requires that if the document bears no date, the producing party is to indicate an estimate of the date the document was prepared or sent. In the "Names of all Document Recipients" column, item 25 is blank. Where there are multiple names in the "Document's Author, Writer and/or Sender" column, Heartland does not clarify which of the names listed is the author-writer or which is a sender of the document. Other than these deficiencies, the June 23, 2006 privilege log appears complete and provides an adequate description of the subject matter of the documents to assess the basis for the claim of attorney-client privilege. As to claims of work-product protection, however, there are some entries that do not disclose whether the specified material was prepared in anticipation of litigation. *Cf.* item 3 (referencing "legal investigation and potential litigation") *with* items 21, 23-25 (referencing only "issue of statutory

interpretation").[2]  This is a requirement for claiming work-product protection.  *See In re Universal Serv.Fund Tel. Billing Practices*, 232 F.R.D. at 676.

The December 15, 2006 privilege log, however, is more troubling and presents a stark contrast to the information provided on the June 23, 2006 log.  The December log fundamentally fails to satisfy either the Agreed Protocol or this District's case law interpreting Rule 26(b)(5).  The Court is unable in many instances to determine from the information given in the log who the document was created by or created for, when the document was created, or whether the documents are privileged, either because the pertinent field is left blank, is incomplete, or is so broadly stated as to be unhelpful.  Plaintiff claims that Defendants' examples of deficiencies in Plaintiff's privilege logs are the result of "cherry picking."  That is not the case.  Assuming, *arguendo*, that virtually all documents listed in the December 2006 Privilege Log were electronic in nature, and wholly apart from the issue about what information should be used to describe the general subject matter of the documents, there are demonstrable instances where Plaintiff failed even to provide the information specifically required by the

---

[2] Item 22 appears to be claiming a peer review or risk management privilege under the quoted Kansas Statutes, rather than  attorney-client or work-product protection.  *See e.g.,* ***Eaton v. Citizens Med. Ctr. Inc.,*** No. 03-1448-MLB, Memorandum and Order of Dec. 2, 2004 (Doc. 19).  The description of that document is adequate to allow Defendants to assess the claimed privilege.

Agreed Protocol. For example, as to items 2511-2524, the only "date" shown for the documents is "00/00/0000." That is neither a date of creation or transmittal, nor an estimate of that date as required by the Agreed Protocol. (Doc. 198 at D.9.iii). In addition, items 2514-2520 claim to be attorney work product, but the log does not list the name of anyone, let alone an attorney, either in the column as a author or sender, the column for recipient or the column for counsel involved in the communication. (Doc. 198 at D.9.i and D.9.ii).

Therefore Heartland shall, in accordance with this District's case law interpreting Rule 26(b)(5), as set out in ***In re Universal Serv. Fund Tel. Billing Practices***, supplement its prior privilege logs to make complete disclosures regarding any withheld documents identified on its privilege logs which are in <u>traditional paper format.</u>

Heartland shall also supplement its privilege logs regarding any withheld documents identified on its privilege logs that are in <u>electronic format</u>, so that the logs conform with the requirements of the Agreed Protocol, <u>and also contain the additional information set out in this Order</u>.

As to electronic documents, Heartland shall provide the following information in its privilege logs: (1) in <u>identifying</u> the author-writer-sender in the privilege log, it must include the specific name(s) of any such person, including

whether they are attorneys,³ and shall state whether that person is the writer-author or the sender of the document; (2) in <u>identifying</u> the recipient, addressee or person for whom the document was intended, the privilege log must include the specific name(s) and whether they are attorneys,⁴ and must indicate specifically whether that person is the addressee of the document, or the person for whom the document was intended, or was simply a recipient of the document; (3) the date portion of the privilege log must contain specific dates of creation or transmittal of the document, or estimated dates if the document bears no date; (4) in describing the general subject matter of the document, the privilege log must identify the specific type of document (*e.g.*, e-mail, memo, letter, etc.), and must describe the subject matter of each document sufficiently to establish the applicability of the privilege asserted in the log. Thus, as to the attorney-client privilege, the description must be sufficient to establish that the material sought to be protected was a confidential communication by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor, or is advice given by the attorney in his capacity as a legal advisor. *See* ***In re Universal Serv.Fund Tel.***

---

³ A party can meet this identification requirement by using first initial and a last name in the privilege log <u>if</u> it provides a comprehensive listing, either as part of the privilege log or as a separate document (such as a Rule 26(a) disclosure), which shows the names of all of these individuals and whether they are attorneys.

⁴ *See supra* n. 3.

*Billing Practices*, 232 F.R.D. at 674.  As to material subject to the work-product protection, the description must be sufficient to establish that the material sought to be protected was prepared principally or exclusively in anticipation of litigation.  *See* ***In re Universal Serv.Fund Tel. Billing Practices***, 232 F.R.D. at 676.  This information is required in order for Defendants to assess the viability of the privileges asserted by Plaintiff.

As it is supplementing its privilege logs to provide the required additional information, Plaintiff should also reassess the viability of its privilege claims.  As Plaintiff knows, "not every communication between an attorney and client is privileged, only the requesting or giving of legal advice."  ***In re Universal Serv.Fund Tel. Billing Practices***, 232 F.R.D. at 674 (quoting ***Burton v. R.J. Reynolds Tobacco Co.,*** 175 F.R.D. 321, 327 (D. Kan. 1997).  Minutes of meetings attended by attorneys are not automatically privileged, and business documents sent to attorneys are not automatically privileged.  *Id*. at 675.  Likewise, the privilege does not apply where legal advice does not predominate the communication or where legal advice is merely incidental to business advice.  *Id.*  Plaintiff has previously acknowledged that one of the attorneys listed on its privilege logs – Mr. Scott Vincent – has performed the duties of general counsel for Plaintiff as an outside attorney, but that he has also been involved as a

consultant for Plaintiff through a consulting company.  As such, he has had some responsibility for competitive decision making for Plaintiff, *i.e.,* business activities and decisions.  *See* Doc. 418 at 5.  Because Mr. Vincent has performed a "dual role" for Plaintiff, this makes it even more necessary for Plaintiff to provide additional information concerning the subject matter of documents claimed to be privileged due to Mr. Vincent's involvement so Defendants can assess in which role Mr. Vincent may have been acting as to that specific communication.[5]  For example, documents described solely by the "re" line of a document or the "header" of an e-mail which was sent to Vincent and which states simply "How can you get your company's name in front of area residents up to 50,000 times?" provides no meaningful information relevant to the determination of an attorney-client privilege.  *See* December 2006 Privilege Log at item 1120.  The same is true of a document heading entitled "meeting," where Vincent is one of many individuals listed as a "recipient" of the document.  *Id.* at item 239.

Finally, the Court takes this opportunity to advise <u>all</u> counsel that the Court will not entertain any argument in this motion, or in future discovery motions, that "the other side isn't doing it right so I don't have to either."  Counsel should know

---

[5] Defendants state that Mr. Vincent's law partner, Mr. Fontg, has also provided consulting or business advice to Plaintiff (Doc. 408 at 9), thus raising similar concerns about documents or communications with Mr. Fontg.

better than to burden this Court with such an argument. Therefore, in this instance, if Heartland had or has an issue with Defendants compliance with Rule 26(b)(5) or the Agreed Protocol, it should have made an appropriate and timely attempt to meet and confer with Defendants and, if that process failed, should have filed a timely motion with this Court.

## AWARD OF COSTS

Defendants request the costs incurred in bringing their motion. (Doc. 406 at 2.) Fed. R. Civ. P. 37 governs the award of fees and expenses incurred in relation to a motion to compel discovery that is granted by the Court. Rule 37(a)(4)(A) requires that "the court shall" require the party necessitating the motion to pay the reasonable expenses, including attorney's fees, caused by the failure, "unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

The most glaring difficulty with Plaintiff's December 2006 Privilege Log relates to the information provided in the column entitled "General Subject Matter Description." Plaintiff, citing correspondence with Defendants' counsel during negotiation of the Agreed Protocol, argues that Defendants themselves sought to

use language in the protocol that was less expansive, and thus less burdensome,

than the factors identified by case law in the District.  (Doc. 445 at 2-4.)[6]  The

initial language proposed by Defendants provided that a privilege log would

contain "[T]he general subject matter <u>as described on each document</u>, or, if no such

description appears, then some other description sufficient <u>to identify</u> the

document. . . ."  (Doc. 445 at 2) (emphasis added).  This wording was ultimately

changed to "[T]he general subject matter as described <u>on</u> each document, or, if no

such description appears, some other description sufficient <u>to identify</u> the

document. . . ."  (Doc. 198 at D.9.iv) (emphasis added).  Plaintiff argues that it has

complied with the Agreed Protocol by identifying exactly the description that

appears on the document, apparently in either the "re" line of a memorandum or in

the "header" line of an e-mail.  While the Court has held in this Memorandum and

Order that additional information must now be provided by Plaintiff by way of

supplements to the privilege log in order to satisfy the requirements of Rule

---

[6] Defendants have not disputed this statement.  The Court does find it odd, however, that apparently Plaintiff was the only party that chose to basically copy portions of e-mails, including the header, into a privilege log.  The sample entry from Defendant BCBSKC's privilege log, for example, contains a far more detailed description of the withheld document than do the entries on Plaintiff's December privilege log.  *See* Doc. 472 at 6.  If Defendants suggested a less expansive privilege log format, they would presumably have followed the easier route of simply copying the header or "re" line of the document.  They did not.  This is further evidenced by the fact that Plaintiff, in its response, complains about numerous deficiencies with Defendants' logs, but does not include a complaint about Defendants' description of documents on the logs.

26(b)(5), the Court believes that an award of expenses would be unjust where Defendants themselves provided and agreed to language allowing use of the document's own description as an initial matter in a privilege log.[7]

Accordingly, the Court finds it would be unjust under the specific circumstances presented to require Heartland to pay Defendants' reasonable expenses, including attorneys' fees, incurred in making the motion to compel Plaintiff to amend or supplement its privilege logs.

## CONCLUSION

Defendants' motion to compel Heartland to amend its privilege logs is GRANTED, as set forth more fully herein.  Plaintiff shall amend and supplement its privilege logs in accordance with this Memorandum and Order not later than **March 15, 2007.**

Defendants' request for an award of costs incurred in bringing the present motion is DENIED, for the reasons set forth in this Memorandum and Order.

**IT IS SO ORDERED**.

---

[7] While the Court agrees with Defendants that there are other separate instances where Plaintiff failed to provide even the information required by the Agreed Protocol, had the overriding issue concerning the description of the documents' subject matter not been in dispute, those instances would presumably have been resolved in the meet and confer process without the necessity of a motion.

Dated at Wichita, Kansas on this 23rd day of February, 2007.

                                             s/ DONALD W. BOSTWICK
                                             DONALD W. BOSTWICK
                                             U.S. MAGISTRATE JUDGE