## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HEARTLAND SURGICAL              )
SPECIALTY HOSPITAL, LLC,        )
                                )
                    Plaintiff,  )
                                )
v.                              )        Case No. 05-2164-MLB-DWB
                                )
MIDWEST DIVISION, INC. d/b/a    )
HCA MIDWEST DIVISION, *et al.*, )
                                )
                    Defendants. )
_____ )

## MEMORANDUM AND ORDER

Before the Court are motions to compel Plaintiff Heartland Surgical

Specialty Hospital, LLC ("Heartland") to provide adequate responses to discovery

requests filed by Defendant CIGNA HealthCare of Ohio, Inc. ("CIGNA") and

Defendant Board of Trustees of North Kansas City Hospital ("North Kansas City

Hospital")  (Docs. 370, 372.)  The parties have fully briefed the motions.  (Docs.

514 (Sealed), 517 (Sealed), 418, 449, 426, 452.)  Neither Defendant has asked for

expenses in conjunction with its motion.  The nature of the underlying anti-trust

litigation is well-known to the Court and all parties and will be discussed only

when necessary to the Court's discussion below.

The Court responds to both motions within one Memorandum and Order

1

because the motions deal with substantially the same objections to Heartland's responses to propounded discovery.  In addition, Heartland's responses to both motions are substantially the same.  (*See* Docs. 418, 426.)  The majority of the briefing in these motions involves Heartland's objection to discovery because it alleges it is unable to review documents marked as "Attorneys' Eyes Only" based on the parties' agreed protective order (Doc. 170) and is therefore unable to view and identify for defendants evidence obtained by its attorneys.  (Doc. 418 at 9-19; Doc. 426 at 8-19.)  After discussing the factual background, the Court will address this primary objection and then make rulings on each Defendant's propounded discovery.

## FACTUAL BACKGROUND

The complaint in this matter was filed April 26, 2005, and the parties have been engaged in discovery for more than a year.  The parties have completed their bulk document production and were to have certified this completion to each other by December 6, 2006.  (Doc. 270 at 6.)  Approximately 481,028 pages have been produced by CIGNA (Doc. 517 at 8) (Sealed), and "hundreds of thousands" of pages have been reviewed and produced by North Kansas City Hospital (Doc. 452 at 1) as of the filing of the motions to compel.  It appears that over two million pages of documents have been produced in the course of litigation to date.

Numerous depositions pursuant to FED. R. CIV. P. 30(b)(6) have been completed

and fact depositions have begun.  Pursuant to the First Revised Scheduling Order,

entered on May 22, 2006, fact discovery is to be completed by May 18, 2007, less

than three months from now.  (Doc. 242.)[1]

In November 2006, CIGNA and North Kansas City Hospital served

Heartland with discovery requests, including so-called "contention

interrogatories," requests for admissions, and requests for production of

documents.[2]  In December 2006, Heartland submitted its responses.  After

appropriate "meet and confer" processes, CIGNA and North Kansas City Hospital

filed their motions on January 4, 2007 and January 5, 2007, respectively.

---

[1]  CIGNA's responses to Heartland's discovery requests are themselves the subject of a pending motion to compel.  (Doc. 390).  Likewise, North Kansas City Hospital's discovery compliance is also the subject of a pending motion to compel.  (Doc. 386.) Plaintiff, on more than one occasion, has complained that it is being held to a different standard of compliance for discovery requests than defendants are displaying in their own discovery responses.  (Doc. 426 at 9 n. 4, 28, 30;  Doc. 418 at 10 n. 6, 26.)  In the present Memorandum and Order the Court deals only with the two motions by CIGNA and North Kansas City; it will address Plaintiff's complaints about defendants' discovery compliance when it rules on Plaintiff's motions.  Therefore, any alleged deficiencies in Defendants' discovery responses are really not relevant to the present motions.

[2]  Contention interrogatories are expressly permitted by Federal Rule of Civil Procedure 33(c).  Although the moving parties devote significant portions of their briefing to supporting the use of contention interrogatories, Heartland does not appear to challenge the general rule that such interrogatories are appropriate to "narrow and define issues for trial and to enable the propounding party to determine the proof required to rebut the respondent's position."  *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000).

CIGNA's motion to compel concerns Heartland's answers to Interrogatories 1 through 7.  North Kansas City Hospital's motion to compel concerns the following Heartland's discovery responses: answers to Interrogatories 3 through 5, 8, 10 through 12, 15 though 16, and 18; responses to Requests for Admission 1 through 23, 26 through 28, 30 through 31, and 33; and responses to Requests for Production of Documents 1 and 2.

## DISCUSSION

The legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request.  *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on over breadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections); *see also Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991).

**1.      Heartland's Objection Based on "Attorneys' Eyes Only"-Designated Documents.**

Heartland contends that the terms of the protective order, jointly entered into by the parties, prevent Heartland employees from reviewing documents received from Defendants and depositions taken of Defendants, most of which Defendants have designated "Confidential Information - Attorneys Eyes Only."  Because

4

Heartland employees are unable to review this level of confidential material,

Heartland alleges it is unable to answer any discovery requiring knowledge of any

"Attorneys Eyes Only" documents produced by Defendants.  Heartland contends

the only individuals who are authorized to view Defendants' "Attorneys Eyes

Only" materials are Heartland's current litigation counsel, and they are  unwilling

to answer discovery requests on behalf of Heartland because Heartland fears

counsel would be subject to a future fact depositions, claims of waiver of attorney-

client privilege, or a motion to disqualify by Defendants.  (Docs. 418, 426.)

The relevant portions of the protective order allow a producing party to

designate documents, pleadings, depositions and other materials as "Confidential

Information" or "Confidential Information - Attorneys' Eyes Only."  (Doc. 170 at

¶ 2(a).)  "Confidential Information" may be viewed only by a "Qualified Person"

which generally would include employees, former employees, officers directors or

partners of the parties.  (Doc. 170 at ¶ 1(e).)  However, as to material designated as

"Confidential Information - Attorneys' Eyes Only," the only people who can view

those materials are (1) "Qualified Persons except that current or former officers,

directors, employees, and non-litigation consultants of parties shall not be

considered Qualified Persons for such information" (Doc. 170 at ¶ 4(a)), and (2)

"Two designated members of the in-house general counsel of the party receiving

the information who are not involved in competitive decision-making and who have executed the Written Assurance attached hereto as Exhibit A may be designated Qualified Persons to receive Confidential Information - Attorneys' Eyes Only."  (Doc. 170 at ¶ 4(c).)

Heartland does not have "in-house general counsel" but, rather, has an attorney, Scott Vincent, who has acted as outside general counsel for Heartland. Plaintiff states that Mr. Vincent also performs consulting work for Heartland and "has been involved in some competitive decision making" for Heartland.  Because of this, although Mr. Vincent has executed a Written Assurance requiring his confidentiality, Plaintiff states that Vincent is unable to view materials designated by Defendants as "Confidential Information - Attorneys' Eyes Only."  (Doc. 418 at 5-6; Doc. 426 at 5-6.)  With Heartland's current and employees, including its current CEO, Mary Nan Holley, and its outside general counsel, Mr. Vincent, unable to view these documents, Heartland believes its answers to CIGNA's and North Kansas City Hospital's discovery requests are justified and compliant.

CIGNA and North Kansas City Hospital argue that Heartland is charged with the knowledge of its attorneys, that attorneys for a party can sign discovery requests, and that Heartland cannot, therefore, simply avoid discovery requests by not fully answering on this basis.  CIGNA also reports that it is willing to assure

6

Heartland that Heartland's verification by counsel of discovery requests "will not

prompt a deposition of counsel or a motion to disqualify." (Doc. 370, Ex. B.)

North Kansas City Hospital does not appear to make a similar assurance.[3]

Before turning to the legal issue, the Court must note its concern about Mr.

Vincent's position in this case. A month before Plaintiff filed its responses to the

two present motions to compel, it tendered Mr. Vincent as a Rule 30(b)(6) witness

on behalf of Heartland. At one point in his December 13, 2006 testimony, Mr.

Vincent was seemingly clear that he could look at any of Defendants' documents

since he had signed a Written Assurance as counsel for Heartland as required by

the protective order. (Doc. 514, Ex. 7, 2/13/06 Depos. at 167-69; Doc. 517, Ex. C,

2/13/06 Depos. at 167-69) (Both Sealed). He further seems to indicate that he did

not look at Defendants' documents simply because he did not have time to review

everything before the deposition. *Id.* In fact, he testified that he did not ask to see

any of Defendants' documents that Plaintiff's counsel are relying on for the

allegation that Defendants violated the antitrust laws. (Doc. 514, Ex. 7, 2/13/06

Depos. at 169-70) (Sealed). At times during the deposition Mr. Vincent indicated

that he had not reviewed the documents produced by the hospital defendants or had

---

[3] In its responses, Plaintiff noted that Defendant Humana had specifically refused
to give Plaintiff the assurances about no depositions and no motions to disqualify. (Doc.
418 at 6-7; Doc. 426 at 6-7.) Humana has now settled with Plaintiff.

not reviewed documents produced by defendants generally.  (Doc. 517, Ex. C, 2/13/06 Depos. at 106-07, 111, 113) (Sealed).  At other times, Mr. Vincent stated that he believed that he had in fact reviewed some of Defendants' documents, without identifying which documents or whether they were designated as "Attorneys Eyes Only."  (Doc. 517, Ex. C, 2/13/06 Depos. at 135.)  Perhaps Defendants objected to Mr. Vincent's access to "Attorneys Eyes Only" documents at some time between his deposition and the time Plaintiff filed its responses to the subject discovery requests.  Perhaps Plaintiff's litigation counsel became concerned about a potential problem in this regard during the same time period. The Court simply does not know because Plaintiff has not adequately explained the circumstances sufficiently to answer these troublesome questions.

From a legal standpoint, the Court's analysis of the current dispute begins with the Federal Rules of Civil Procedure, and references therein to signatures of a party answering discovery requests.  Regarding interrogatories to parties, Rule 33(b)(2) states: "The answers [to interrogatories] are to be signed by the person making them, and the objections signed by the attorney making them."  Rule 33(a) also states that "if the party served is a public or private corporation or a partnership or association or governmental agency," the interrogatories are to be answered "by any officer or agent, who shall furnish such information as is

available to the party."

Regarding requests for admissions, Rule 36(a) states that a request for admission is deemed admitted unless "the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or the party's attorney."  The Federal Rules, therefore, seem clearly to contemplate that as to a corporation, an attorney or agent may sign a discovery request on behalf of the party to whom the request was directed.

CIGNA and North Kansas City Hospital also direct the Court to case law they believe also supports this position.  In ***Hickman v. Taylor***, 329 U.S. 495 (1947), the Supreme Court resolved a dispute over the proper scope of discovery of documents prepared by an attorney in anticipation of litigation after a claim had been made by the adverse party (now referred to as attorney work-product).  In *dicta*, the Court stated that "[a] party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of [the party's] attorney."  329 U.S. at 504.  The facts of ***Hickman*** are clearly inapplicable to the present dispute, but the case is instructive for the general proposition of CIGNA and North Kansas City Hospital that Heartland is charged with the knowledge available to its agents, including counsel, who can and have

reviewed the "Confidential Information - Attorneys' Eyes Only" material.

A more recent case states the same principle, although again not directly addressing the issue.  In **Continental Illinois National Bank & Trust Co. v. Caton**, 136 F.R.D. 682 (D. Kan. 1991), the court described the proper way to answer an interrogatory:

> The answers to interrogatories must be responsive, full, complete and unevasive.  The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.  If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf or other agents or representatives, whether personally known to the answering party or not.

136 F.R.D. at 684 (quoting **Miller v. Doctor's Gen. Hosp.**, 76 F.R.D. 136, 140 (W.D. Okla. 1977)).  Finally, the case of **Rea v. Wichita Mortgage Corp.**, 747 F.2d 567 (10th Cir. 1984), also states as a rule that the practice of having an attorney swear to answers to interrogatories is "entirely acceptable" under FED. R. CIV. P. 33.  747 F.2d at 574 n.6.  The Tenth Circuit, however, makes this statement in a footnote unrelated to the substance of its decision, in reliance upon Rule 33's provision for "any officer or agent" of a corporate party to answer an interrogatory.  Other cases, over a period of many years and spanning many jurisdictions, support this general rule.  *See, e.g.*, **Gonsalves v. City of New Bedford**, 168 F.R.D. 102,

10

108 (D. Mass. 1996) (stating that an attorney has an obligation to disclose

information known to the attorney in response to discovery obligations); ***Pontillo***

***v. Federated Dept. Stores***, No. 93 Civ. 1950 (SWK), 1993 WL 385727, at *3

(S.D.N.Y. Sept. 29, 1993) ("The Rule 33 obligation of a corporation is to obtain

the signature of an 'officer or agent,' and those courts that have addressed the issue

have viewed counsel as an agent for such purposes if the corporation so appoints

him."); ***Jones v. Goldstein***, 41 F.R.D. 271, 274 (D. Md. 1966) (stating that answers

to interrogatories to a corporate party are properly signed by the corporate party's

attorneys).

   The cases relied on by Heartland for support of its proposition that its

counsel should not be required to sign the interrogatory requests and requests for

admission are distinguishable.  First, Heartland argues that the work-product

doctrine supports its position.  In ***Shelton v. American Motors Corp.***, 805 F.2d

1323 (8th Cir. 1986), the Eighth Circuit held that plaintiffs were seeking from

defendant's in-house counsel privileged work-product information, and refused to

allow a deposition regarding the same.  The Eighth Circuit found that the defense

counsel would not be forced to testify as a witness regarding the existence or

nonexistence of its own documents.  The Eighth Circuit found that the counsel

could have obtained this knowledge only through preparation of a prior case for

11

trial and therefore could not be required to answer deposition questions about it.

The procedural posture of this case, however, is unlike the facts of **Shelton**.

Defendants are not seeking to depose Heartland's counsel about what counsel

believes is important to the litigation, a practice of which the **Shelton** court firmly

disapproves,[4] but seek only Heartland's responses to interrogatories and requests

for admission concerning facts that support Plaintiff's claims.[5]

     Heartland next argues that the attorney-client privilege doctrine supports its

---

[4] While this court has generally refused to issue a blanket protective order that would prohibit any deposition of an opponent's trial counsel in a pending case, the circumstances where depositions might be allowed are significantly limited. *See e.g.,* ***Raytheon Aircraft Co. v. Architectural Air LLC,*** Case No. 03-1368-MLB, Memorandum and Order of 1/24/05, Doc. 80 (allowing a limited deposition of plaintiff's trial counsel on the question of whether a settlement was reached with defendant, but limiting the deposition to the attorney's communications with defendant's representatives and attorneys).

[5] Additional cases cited by Heartland on this point are also inapplicable to the facts of the dispute at hand. *See **Snowden v. Connaught Laboratories, Inc.,*** 137 F.R.D. 325, 332 (D. Kan. 1991) (holding that the compilation of documents in *preparation for prior lawsuits* or the "*handwritten notations or thoughts of counsel*" written on a record, document or pleading, or requests for admission may be protected by the opinion work-product privilege, but not discussing the applicability of those principles to a factual scenario); ***Aguinaga v. John Morrell & Co.,*** 112 F.R.D. 671, 683 (D. Kan. 1986) (stating that selection of documents in *preparation for a witness' deposition* can be protected opinion work-product); ***Religious Tech. Ctr. v. F.A.C.T.Net Inc.,*** 945 F. Supp. 1470, 1480 (D. Colo. 1996) (finding that production of documents that had been *compiled in previous litigation* was protected by the work-product doctrine); ***Lopez v. Wallack***, 197 So. 2d 327, 328 (Fla. Dist. Ct. App. 1967) (refusing to require an attorney to answer interrogatories propounded to *an individual*, in a case decided before the Federal Rules of Civil Procedure were amended in 1970 concerning contention interrogatories); ***Boughton v. Cotter Corp.,*** 65 F.3d 823, 829 (10th Cir. 1995) (discussing the limited circumstances for depositions of opposing counsel).

position.  Heartland's argument is that "plaintiff's attorneys cannot respond to and verify defendant's discovery requests without waiving the attorney-client privilege" (Docs. 418 at 14; Doc. 426 at 14), but Heartland's cited authority is also not determinative of the dispute before the Court.  *See **Langer v. Presbyterian Med. Ctr. of Philadelphia***, No. 87-4000, 1995 WL 79520, at *10 (E.D. Penn. Feb. 17, 1995), *vacated on other grounds* No. 87-4000, 1995 WL 395937 (E.D. Penn. July 3, 1995) (deposition of in-house counsel as fact witness waived attorney-client privilege when the in-house counsel voluntarily disclosed facts in her favor).  Here, there are no attorney-client communications at issue.  By Heartland's own recitation of the facts, Heartland's representatives do not know and have not seen the "Attorneys Eyes Only" materials at issue and therefore there have been, and can be, no communications about those documents from Heartland to Heartland's counsel.  There can be no attorney-client privilege issue without first finding an attorney-client communication.  ***In re Qwest Commc'ns Int'l Inc.***, 450 F.3d 1179, 1185 (10th Cir. 2006) (stating that the attorney-client privilege applies to communications between a client and an attorney, made in confidence, under "circumstances from which it may reasonably be assumed that the communication will remain in confidence").  Furthermore, the attorney-client privilege protects only communications and not any underlying <u>facts</u>.  ***IMC Chemicals, Inc. v. Niro,***

13

*Inc.,* No. 98-2348-JTM, 2000 WL 1466495 at * 9 (D. Kan. Jul. 19, 2000) (a party may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney); *Mike v. Dymon*, *Inc.,* No. 95-2405-EEO, 1996 WL 674007 at * 11 (D. Kan. Nov. 14, 1996) (the privilege "does not protect disclosure of underlying facts other than the substantive content of communications.")  Here, Defendants want Plaintiff to identify facts which support their claims.  Plaintiff cannot refuse to identify such facts by relying on an unsupported claim of attorney-client privilege.

The Court is also unpersuaded by Heartland's pleas that it is dangerous for its counsel to sign discovery requests for fear of motions to disqualify its counsel.  At this point, there is no apparent basis for such a motion to disqualify.  Heartland has only put forth a radical, what-if proposal that Defendants might try to call Heartland's counsel at trial thus resulting in possible disqualification.  Plaintiff has not articulated any reasonable basis upon which their counsel might be a witness at trial.  It is not claimed that counsel has any unique factual knowledge that would require their testimony at trial; instead, even if counsel signed the discovery responses, those responses would be based on either documents or facts known to other witnesses.  Counsel's concern about disqualification is not a basis for refusing to respond to discovery requests.

14

Finally, as previously noted, a counsel's involvement with discovery requests is already the general practice.  8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2172 (2d ed. 1994) ("The [current Rule 33 governing interrogatories], allowing either an officer or agent to answer, clearly authorizes answers by an attorney."); § 2259 ("The response to a request for admissions must be in writing and signed by the party or its attorney.  Prior to 1970 the response had to be sworn and it had to be the response of the party itself rather than of its attorney.  Both of these provisions were changed by the 1970 amendments."); § 2208 ("Rule 34 [governing requests for production of documents] covers all documents that are in the possession, custody, or control of a party.").

Nor has Plaintiff provided any reason why the requested discovery is premature or should be delayed to a later date.  While the Court has the power to order that interrogatories not be answered until certain specified discovery has been completed or until the pretrial conference, FED. R. CIV. P. 33(c), Plaintiff provides no reason why its discovery responses should be so delayed.  With the cutoff of fact discovery less than three months away, there is simply no time to delay these discovery responses.

Based on the above, the Court finds Heartland has not put forth a valid

justification for refusing to answer discovery propounded by Defendants due to the restrictions in the agreed protective order.  Therefore, if the requested discovery is otherwise appropriate, Heartland cannot avoid discovery based on a remote possibility that counsel signing the discovery request might be deposed or might be the subject of a disqualification motion in the future.  The Court now turns to the individual discovery requests to make this determination.[6]

## 2.    CIGNA's Motion to Compel.

CIGNA's motion to compel concerns its Interrogatories 1 through 7 to Heartland.  (Doc. 370.)  As an initial matter, the Court notes that Heartland does

---

[6] Heartland asserted "general objections" to CIGNA's and North Kansas City Hospital's interrogatories.  Only one of these general objections presumably remains at issue - "Plaintiff objects to Defendant's interrogatories to the extent that the number of interrogatories (including discrete subparts) exceed the 25 interrogatory limit imposed by the Court."  (Doc. 370, Ex. A at ¶ G.)  Heartland discusses this objection in only a footnote in one of its responses to the motions to compel (Doc. 418 at 25 n. 13), and in an abbreviated fashion in the other response.  (Doc. 426 at 20-21.)  CIGNA and North Kansas City Hospital are correct in their contention that this "to the extent" general objection is improper and Heartland has waived any objection of this kind by answering the interrogatories and failing to argue how the subparts could be considered not part of a "common theme."  *See Swackhammer*, 225 F.R.D. at 660-61 (ruling that "to the extent" general objections are disapproved and "worthless" and therefore overruling the objection); *Capacchione v. Charlotte-Mecklenburg Schs.*, 182 F.R.D. 486, 492 (W.D.N.C. 1998) (ruling that a party making a supernumerary objection to interrogatories must either seek a protective order and not answer them or answer up to the numerical limit and object to the remaining without answering) (citing 7 MOORE'S FEDERAL PRACTICE § 33.30); *Swackhammer*, 225 F.R.D. at 664 ("[A]n interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question.").  Heartland's general objection based on the number of propounded interrogatories is overruled.

not object to CIGNA's interrogatories on relevancy grounds.  Rather, in addition to the objection overruled above, Heartland objects to CIGNA's interrogatories on grounds that they are overly broad, unduly burdensome, oppressive on their face, vague and ambiguous, seek information protected by the attorney-client and/or work-product doctrines, or are premature.  (Doc. 418 at 19-26; Doc. 426 at 21-27.)

a.    Interrogatories 1 and 2

In Interrogatories 1 and 2, CIGNA seeks information about whether Heartland contends that CIGNA was involved in a horizontal conspiracy with other Managed Care Defendants to refuse to enter into network contracts with Heartland or with other limited service hospitals. Heartland's first objection is that Interrogatories 1 and 2 are "overly broad, unduly burdensome and oppressive on [their] face.  The burden in responding . . . greatly outweighs any potential benefit to be gained by Defendant."  Heartland objects that identifying "each act," "each document," and "each person" is burdensome and then makes a general reference (several paragraphs later) to the fact that Heartland is still in the process of reviewing 1.5 million pages of documents produced by Defendants.[7]  In its

_____

[7] Almost three months have expired since Plaintiff submitted its responses to the requested discovery and almost two months have expired since Plaintiff filed its response to the motions to compel.  By this time, and with less than three months left before the cutoff of fact discovery, Plaintiff has surely reviewed the documents produced by Defendants.

response to CIGNA's motion to compel, Heartland does little to expand on its over

breadth argument.  *See* Doc. 418 at 19-22 (Heartland's contention that

Interrogatories 1 and 2 are overly broad because they require identification of

"each and every fact" relied on by Heartland is really a request for all facts because

of the conspiratorial nature of Heartland's claims).

A recent case states the general rules about such interrogatories in this

district:

> As a general rule in this District, interrogatories seeking 'each and every fact' and which blanket the entire case are objectionable.  Interrogatories should not require the answering party to provide a narrative account of its case. The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for 'every fact' which supports identified allegations or defenses. Interrogatories may, however, properly ask for the 'principal or material facts' that support an allegation or defense.  Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party 'the duty to answer them by setting forth the material or principal facts.'  In addition, interrogatories 'which seek underlying facts or the identities of knowledgeable persons and supporting exhibits for material allegations' may possibly survive objections that they are overly broad or unduly burdensome.

*Allianz Ins. Co. v. Surface Specialties, Inc.*, No. Civ.A.03-2470-CM-DJW, 2005

WL 44534, at *9 (D. Kan. Jan. 7, 2005) (internal footnotes omitted).  In

Interrogatories 1 and 2, CIGNA request that Heartland identify "each act," "each

18

communication," "each document," and "each person" supporting Heartland's claim of conspiracy against CIGNA.  The Interrogatories are limited to CIGNA's conspiracy with "any or all of the Managed Care Defendants" but this limitation does little to narrow the scope.  As such, Interrogatories 1 and 2 may be considered to be overbroad in their current form.

However, rather than excuse Heartland from answering Interrogatories 1 and 2, the Court will modify them so that they comply with the general rule of this District as set out in *Allianz*.  Heartland is directed to answer Interrogatories 1 and 2 by replacing the word "each" with the phrase "principal and material."  This modification adequately provides the information CIGNA seeks without overly burdening Heartland.  The Court cautions the parties, however, that use of the phrase "principal and material" does not give  responding party license to "hide the ball" in making discovery responses nor does it allow generic, boilerplate responses that refer to other groups of documents.

As modified, the Court finds that Interrogatories 1 and 2 are not unduly burdensome.  An interrogatory creates an undue burden when the burden to the interrogated party outweighs the benefit to the discovering party of having the information.  ***Hoffman v. United Telecomms., Inc.***, 117 F.R.D. 436, 438 (D. Kan. 1987).  Heartland argues that Interrogatories 1 and 2 are unduly burdensome

19

because they would require Heartland to review "approximately two million pages of documents" that are all already within CIGNA's possession and already known to CIGNA.  (Doc. 418 at 23-24.)  To the contrary, however, it is not burdensome that Heartland has to review the documents produced by Defendants in order to answer Interrogatories 1 and 2.  Heartland must complete this review at some point anyway.  Heartland is the one that brought suit against Defendants and asked for the documents that were produced by Defendants.  Heartland cannot now complain that it has received too much information from the parties it brought suit against.  Because many of these documents have been produced in electronic format, a search of the documents may, in some instances, be easier, quicker and  less burdensome than a review of paper documents.

In addition, it is not dispositive that the documents are equally available to both parties.  Heartland cannot merely refer CIGNA to previous disclosures or the Third Amended Complaint in its response to CIGNA's interrogatories.  ***DIRECTV, Inc. v. Puccinelli***, 224 F.R.D. 677, 680-81 (D. Kan. 2004) (stating that a plaintiff "may not merely refer Defendants to other pleadings or its disclosures hoping that Defendants will be able to glean the requested information from them").[8]

---

[8]  While FED. R. CIV. P. 33(d) does provide a responding party with the option to produce business records as an answer to an interrogatory, this only applies (1) where the answer can be ascertained from the answering party's business records and the burden of

20

In its response to Interrogatories 1 and 2, Heartland next stated that language within the Interrogatories was vague and ambiguous.  However, in its response to CIGNA's motion to compel, Heartland does not raise or discuss this objection.  Even if Heartland had attempted to support its vague and ambiguous objection, the Court would overrule it.  The words objected to as vague and ambiguous ("knowledge and information") have an understandable meaning in the common, everyday use of the word.  *See **Johnson v. Kraft Foods of N. Am., Inc.**, ___ F.R.D. ___, 2006 WL 3302684, at \*6 (D. Kan. Nov. 14, 2006)* ("A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories.").

Next, Heartland objects to Interrogatories 1 and 2 based on attorney-client privilege and the work-product doctrine.  The Court initially addressed Heartland's attorney-client privilege or work-product doctrine grounds for non-response in its discussion above and found them to be without merit.  In addition, a party withholding information or documents based on these doctrines must "describe in detail the documents or information sought to be protected.  The objecting party

---

deriving the answer is substantially the same for both parties, and (2) where the answering party provide a <u>specification with sufficient detail</u> to permit the interrogating party to locate and identify the specific records from which the answer may be ascertained as readily as could the answering party.  Plaintiff's generic reference to prior disclosures it may have made falls far short of providing the detail required by this subsection.

must also provide sufficient information to enable the court to determine whether
*each element* of the asserted objection is satisfied." ***Sonnino***, 221 F.R.D. at 668-
69.  Heartland has not attempted to make any such showing.

Finally, Heartland's objection that Interrogatories 1 and 2 are untimely
because they are premature is equally without merit.  An interrogatory seeking the
support for a plaintiff's claims cannot be said to be premature when the initial
complaint was filed nearly two years ago, the parties are over a year into discovery,
and the completion of fact discovery is less than three months away.  Heartland
must of course supplement its responses to Heartland's interrogatories as more
information becomes known to it, but it must now respond fully based on the
materials it has to date.  FED. R. CIV. P. 26(e)(2) ("A party is under a duty
seasonably to amend a prior response to an interrogatory, request for production, or
request for admission if the party learns that the response is in some material
respect incomplete or incorrect and if the additional or corrective information has
not otherwise been made known to the other parties during the discovery process
or in writing.").

> b.      Interrogatory 3

In Interrogatory 3, CIGNA seeks information about whether Heartland
contends that CIGNA was involved in a horizontal conspiracy with the Hospital

Defendants to prevent Heartland's access to managed care network contracts. Specifically, CIGNA requests that Heartland "identify . . . the acts by [CIGNA] that (a) amounted to such participation or (b) demonstrated such knowledge, and for each act identify each communication or meeting between [CIGNA] and Hospital Defendant concerning the act."  Heartland objects to Interrogatory 3 on the bases that it is overly broad, unduly burdensome and oppressive on its face, and "premature and unreasonable" at this time.

Based on the analysis of Interrogatories 1 and 2, *supra*, the Court modifies Interrogatory 3 similarly.  Interrogatory 3 is modified to request identification of only the "principal and material" acts by CIGNA supporting Heartland's claims of conspiracy between CIGNA and the Hospital Defendants.  As modified, and for the reasons discussed above, Interrogatory 3 is not overly broad, unduly burdensome, or oppressive.  In addition, for the reasons stated regarding Interrogatories 1 and 2, it is not "premature and unreasonable" for Heartland to answer Interrogatory 3 at this time, subject to its ongoing duty to supplement its discovery responses pursuant to Federal Rule of Civil Procedure 26(e)(2).

c.      Interrogatory 4

In Interrogatory 4, CIGNA asks whether Heartland contends that CIGNA's decision not to provide Heartland with an in-network contract was inconsistent

with CIGNA's independent economic self interest and, if so, the basis for the contention and "each document" Heartland contends supports it.  Heartland objects to Interrogatory 4 on the bases that it is vague and ambiguous, overly broad, unduly burdensome and oppressive on its face, and "premature and unreasonable" at this time.

Interrogatory 4 is not as broad in scope as the previous interrogatories.  An interrogatory is overly broad on its face only when it "is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope."  *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005).  A request is not objectionable on its face when it seeks a "sufficiently specific type of information, document, or event, rather than large or general categories of information or documents."  *Cardenas*, 232 F.R.D. at 382.  The request in Interrogatory 4 for "each document" must be taken in context of the entire interrogatory.  The interrogatory is very narrow in scope–it seeks information on only one very narrow issue in the litigation and is not seeking a wide-range view of the litigation as a whole.  The request by CIGNA that Heartland identify the bases and supporting documents for its contention that CIGNA did not act in its independent economic self-interest by refusing to grant Heartland an in-network contract is not overly broad on its face.

When an interrogatory is not overly broad on its face, the objecting party has the burden to show "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad . . . by submitting affidavits or offering evidence revealing the nature of the burden." *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. Civ.A.03-2470-CM-DJW, 2005 WL 44534, at *2 (D. Kan. Jan. 7, 2005). Other than the arguments already discussed, Heartland has not otherwise supported its over breadth contention with regard to Interrogatory 4. Heartland has not met its burden. Similarly, for the reasons discussed above, Heartland has not met its burden of showing how Interrogatory 4 is unduly burdensome or premature.

In addition, Heartland, in its response to CIGNA's motion to compel, does not raise or discuss its vague and ambiguous objection. "When ruling upon a motion to compel, the Court will consider only those objections that have been timely asserted and relied upon in response to the motion [to compel]." *Sonnino v. Univ. of Kan. Hosp. Authority*, 221 F.R.D. 661, 670 (D. Kan. 2004). The Court will therefore not address Heartland's "vague and ambiguous" objection to Interrogatory 3. *See also id.* at 670-71 ("[T]he objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for

production . . . is objectionable.  By failing to address . . . objections in response to a motion to compel, a party fails to meet its burden to support its objections.  The Court is then left without any basis to determine whether the objections are valid and applicable in light of the particular circumstances of the case.”);

*Swackhammer*, 225 F.R.D. at 666 (overruling undue burden objection where party failed to submit any affidavit or evidentiary support for the objection); *Cardenas*, 232 F.R.D. at 380 (“Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned.”) (citing *Sonnino*, 221 F.R.D. at 670).  In addition, as discussed above, Heartland has abandoned its objection to CIGNA’s interrogatories based on “vague and ambiguous” grounds.  Heartland’s objections to Interrogatory 4 are overruled.

>        d.        Interrogatory 5

In Interrogatory 5, CIGNA asks whether Heartland contends that CIGNA’s decision not to contract with Heartland was inconsistent with CIGNA’s policies or business practices and, if so, the basis for its contention.  Heartland objects to Interrogatory 5 on the bases that it is vague and ambiguous, requires Heartland to comment on documents not in its custody or control, and is overly broad, unduly burdensome and oppressive on its face.

As discussed above with regard to Interrogatory 4, Heartland’s first

objection, that the interrogatory is vague and ambiguous, is deemed abandoned by Heartland. Heartland's second objection, that responding to Interrogatory 5 requires comment on documents not in its custody or control, is not adequately supported in Heartland's response to CIGNA's motion to compel and is also overruled. Heartland states only that "the documents and the information sought by Defendant are all within Defendant's possession and Defendant has better knowledge of its own communications and actions." (Doc. 418 at 24.) Heartland does not state, however, that it does not possess the documents and the fact that the documents are equally available to both parties does not relieve Heartland from answering Interrogatory 5. *See **Hoffman***, 117 F.R.D. at 438 (stating that the court would not require one party to fathom what another party may elect to contend as claims from the documents that had been produced, even when the data was equally available to both parties).

Heartland makes no attempt to show how Interrogatory 5 is overly broad, unduly burdensome, or oppressive on its face. In fact, Heartland does not give any support in its response to Interrogatory 5 or its response to CIGNA's motion to compel, for why the Court should sustain such an objection. As the Interrogatory is not overly broad on its face–it seeks only information on the topic of violations of CIGNA's internal policies and procedures–the Court overrules Heartland's

objections.

     e.      Interrogatories 6 and 7

In interrogatories 6 and 7, CIGNA asks whether Heartland contends it is incorrect that CIGNA believed it had no network need for Heartland or that CIGNA did not believe its customers were requesting Heartland be added to its networks and, if so, the basis for its contention.  Heartland objects to these interrogatories on the bases that they are vague and ambiguous, overly broad, unduly burdensome and oppressive on their face, and are "premature and unreasonable" at this time.

Heartland's objections to Interrogatories 6 and 7 are overruled.  The objection that Interrogatories 6 and 7 are vague and ambiguous is without merit. The phrase "network need' can be easily defined by the common industry use of the phrase.  The objection that Interrogatories 6 and 7 are overly broad, unduly burdensome and oppressive on their face are overruled because the interrogatories seek only information and documents regarding very narrow issues in the case. The objection that Interrogatories 6 and 7 are "premature and unreasonable" is similarly unfounded, as discussed above.

**3.     North Kansas City Hospital's Motion to Compel.**

North Kansas City Hospital's motion to compel concerns its Interrogatories

3 through 5, 8, 10 through 12, 15 through 16, and 18; Requests for Admission 1 through 23, 26 through 28, 30 through 31, and 33; and Requests for Production of Documents 1 and 2.  Heartland objects to the majority of this propounded discovery because it contends it is overly broad, unduly burdensome and oppressive on its face, vague and ambiguous, and protected by the attorney-client privilege and work-product doctrines.

   a.   Interrogatories

   Heartland does not address its "vague and ambiguous" objections to North Kansas City Hospital's interrogatories in its response to North Kansas City Hospital's motion to compel.  This objection is therefore deemed abandoned, for the reasons stated in the Court's discussion, *supra*, regarding CIGNA Interrogatory 4.  The Court will therefore, not discuss Heartland's objections to North Kansas City Hospital's interrogatories on this ground.

   Heartland also does not provide the Court with sufficient resources to evaluate its claims of attorney-client privilege or work-product protection.  As discussed above, a party withholding information or documents based on these doctrines must "describe in detail the documents or information sought to be protected.  The objecting party must also provide sufficient information to enable the court to determine whether *each element* of the asserted objection is satisfied."

*Sonnino*, 221 F.R.D. at 668-69.  Heartland's objections based on these grounds are overruled.

The Court will next address Heartland's remaining objections to North Kansas City Hospital's interrogatories.

        i.     *Interrogatories 3, 4, and 5*

In Interrogatory 3, North Kansas City Hospital asks Heartland whether Heartland contends North Kansas City Hospital conspired with the Hospital Defendants to prevent Heartland from receiving in-network contracts and the bases for such a contention.  In Interrogatories 4 and 5 North Kansas City Hospital asks Heartland whether Heartland contends North Kansas City Hospital conspired with and pressured the Managed Care Defendants to prevent Heartland from receiving in-network contracts, and the bases for such a contention.  Heartland contends Interrogatories 3 through 5 are overly broad, unduly burdensome, and oppressive on their face because they seek identification of "each act," "each document," and "each person" supporting the contention.

For the reasons stated in the Court's discussions above, the Court agrees that North Kansas City's Hospital's attempt to seek "each" supporting contention for Heartland's broad claims of conspiracy may be overly broad.  The Court modifies Interrogatories 3 through 5 to require identification only of the "principal and

material" acts, documents, persons, etc.[9]  With this modification, the Court finds it will not be an undue burden on Heartland to answer Interrogatories 3 through 5 for the reasons discussed above in regard to CIGNA's Interrogatories 1 and 2.

        *ii.*     *Interrogatory 8*

Interrogatory 8 asks Heartland to identify each communication between North Kansas City Hospital and "any entity or person concerning any Managed Care Defendant not providing a contract" to Heartland.  Heartland objects that Interrogatory 8 is overly broad, unduly burdensome and oppressive on its face because it requires identification of "any entity or person" regarding "any Managed Care Defendant not providing a contract."  The Court agrees that such a request may be overly broad.  Interrogatory 8 seeks every communication between North Kansas City Hospital and "any entity or person" regarding any of the Managed Care Defendants decision not to contract with Heartland.  Such an interrogatory cannot be modified to limit its scope.  Heartland's objection to Interrogatory 8 is sustained and the rest of Heartland's objections to Interrogatory 8 need not be addressed.

        *iii.*     *Interrogatories 10 and 11*

---

[9] In fact, Plaintiff acknowledges that North Kansas City offered to limit these interrogatories to "principal and material" facts.  (Doc. 426 at 24 n. 12.)

In Interrogatory 10, North Kansas City Hospital asks Heartland to state how Heartland was "reasonably certain to have obtained in-network contracts from any Managed Care Defendant but for the conduct" of North Kansas City Hospital and the bases for the contention.  In Interrogatory 11, North Kansas City Hospital asks Heartland to identify each in-network contract North Kansas City Hospital prevented Heartland from obtaining.  Heartland contends Interrogatories 10 and 11 are overly broad, unduly burdensome, and oppressive on their face because they require the identification of "all conduct," "each document," "each person," and "each communication."

The requests in Interrogatory 10 and 11 for "each document," "each person" and "each communication" are not overly broad on their face.  The Court notes again that an interrogatory is overly broad on its face only when it "is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope."  *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005).  A request is not objectionable on its face when it seeks a "sufficiently specific type of information, document, or event, rather than large or general categories of information or documents."  *Cardenas*, 232 F.R.D. at 382.  Interrogatories 10 and 11 are narrow in scope–they seek information on only one very narrow issue on one claim in the litigation and

32

are not seeking a wide-range view of the litigation as a whole.  The request by North Kansas City Hospital that Heartland identify the bases and supporting documents for its contention that North Kansas City Hospital interfered with specific contracts Heartland would have received but for the interference is not overly broad on its face.

When an interrogatory is not overly broad on its face, the objecting party has the burden to show "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad . . . by submitting affidavits or offering evidence revealing the nature of the burden." *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. Civ.A.03-2470-CM-DJW, 2005 WL 44534, at *2 (D. Kan. Jan. 7, 2005).  Other than the arguments already discussed, Heartland has not otherwise supported its over breadth contention with regard to Interrogatories 10 and 11.  Heartland has not met its burden on its over breadth challenge and has also not shown how Interrogatories 10 and 11 are unduly burdensome.

> iv.     *Interrogatory 12*

Interrogatory 12 states:

> [North Kansas City Hospital] has produced all agreements it has with the Managed Care Defendants (BT-NKC-001860 through BT-NKC-004626).  Please identify each specific term, clause or provision in each of the agreements

> between [North Kansas City Hospital] and the Managed
> Care Defendants that causes harm to [Heartland] or
> prevents it from obtaining in-network managed care
> contracts.

Heartland objects to Interrogatory 12, in pertinent part, because Heartland "has no basis upon which to opine on the sufficiency or completeness of [North Kansas City Hospital's] purported production of 'all agreements' it has with the Managed Care Defendants or whether all such agreements are set forth in written documents or even if the bates range identified by [North Kansas City Hospital] in this Interrogatory actually contains all such written agreements."  (Doc 514, Ex. 4 at 24) (Sealed).

North Kansas City Hospital, in response to Heartland's objection, proposes to modify Interrogatory 12 as follows:

> Please identify each specific term, clause or provision in
> each of the written agreements between NKCH [North
> Kansas City Hospital] and the Managed Care Defendants
> produced in this case that causes harm to HSSH
> [Heartland] or prevents it from obtaining in-network
> managed care contracts.

(Doc. 514 at 14) (Sealed).  Heartland does not specifically address this proposed modification by North Kansas City Hospital.

The Court agrees with Heartland that, as initially propounded, Interrogatory 12 contains certain assumptions which make the interrogatory objectionable.

34

However, the Court finds that North Kansas City Hospital's proposed modification is reasonable. As modified, Interrogatory 12 is limited to the written agreements between North Kansas City Hospital and the Managed Care Defendants that have been previously produced in this case. Further, the modified Interrogatory 12 seeks only those terms, clauses, or provisions that cause harm to Heartland or prevent Heartland from obtaining in-network managed care contracts. Therefore, Heartland's objection to the *initial* Interrogatory 12 is sustained and Interrogatory 12 is modified as proposed by North Kansas City Hospital in its motion to compel and Heartland will be required to answer the modified interrogatory.

> v.      *Interrogatories 15 and 16*

In Interrogatory 15, North Kansas City Hospital asks Heartland to identify each person who was treated at North Kansas City Hospital but, although they preferred to be treated at Heartland, was unable to be treated at Heartland because Heartland lacked in-network contracts with managed care defendants. In Interrogatory 16, North Kansas City Hospital asks Heartland to identify each physician who has privileges at Heartland and has had a patient inform them that her or she was treated at North Kansas City Hospital "because the patient's managed care provider did not have a contract with [Heartland]." Heartland objects to Interrogatories 15 and 16 on the basis that they are not relevant, are

overly broad and unduly burdensome, and seek information "exclusively in the possession, custody or control" of North Kansas City Hospital.

Heartland does not support its relevance objection in its response to North Kansas City Hospital's motion to compel. Even if its did, however, the Court would find that the information sought is relevant to this litigation. The questions posed are relevant to the issues of market demand for Heartland's services, the definition of the scope of the market, and Heartland's measure of its alleged damages on its claims. This more than meets the federal rules' broad allowance of discovery into "any matter, not privileged," and "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

Heartland's second objection is also overruled. Heartland supports its "overly broad and unduly burdensome" objection only by pointing out that Interrogatories 15 and 16 ask for "each" patient or physician. This qualifier is appropriate in this context, however, because North Kansas City Hospital needs to be informed of the individual persons and physicians on this issue. Although the Court recognizes some burden to Heartland in compiling this kind of information, the request is asked in the narrowest way possible and is not so broad as to leave Heartland unable to determine the exact information sought. *See Mackey v. IBP, Inc.*, 17 F.R.D. 186, 19t (D. Kan. 1996) (stating that an interrogatory is overly

broad when the interrogatory is open-ended and the responding party cannot "determine what information may or may not be remotely responsive").

Finally, Heartland's third objection to Interrogatories 15 and 16 is overruled. The argument that the information sought is equally available to both parties is unavailing.  Heartland supports this argument in its response to North Kansas City's motion only by stating that its response to Interrogatories 15 and 16 would be unduly burdensome because the information is more easily obtained from North Kansas City Hospital's own sources and research.  It is not at all clear to the Court that the requested information will necessarily be in North Kansas City Hospital's records or possession.  For example, a patient who was treated at North Kansas City Hospital but wanted to be treated at Heartland may well have never told North Kansas City Hospital of this fact.  Likewise, a physician with privileges at Heartland may have learned from a patient that they wanted to be treated at Heartland, but instead were treated at North Kansas City Hospital because Heartland did not have in-network privileges.  The physician may well have told Heartland officials of this fact, but never conveyed it to North Kansas City Hospital.  Heartland has not shown how the data could be obtained with *more* convenience, *less* burden, or *less* expense from North Kansas City Hospital than from Heartland.  *See* FED. R. CIV. P. 26(b)(2) (stating that a court shall limit

37

discovery when the discovery is "obtainable from some other source that is more convenient, less burdensome, or less expensive").

> ### vi.   *Interrogatory 18*

In Interrogatory 18, North Kansas City Hospital requests that Heartland "[i]dentify each document showing that [North Kansas City Hospital] was aware of the existence of [Heartland] prior to the filing of this lawsuit."  Heartland responds to Interrogatory 18 by objecting that it is overly broad and unduly burdensome because it seeks "each" document showing North Kansas City Hospital's knowledge of Heartland's existence before the lawsuit was filed.  Heartland also objects to Interrogatory 18 because North Kansas City Hospital "should already be familiar with such information either through discussion with its own employees or through access to the employees of other Defendants in this case . . . ."

Heartland has not supported its over breadth and undue burden objections to this Court.  Interrogatory 18's request for "each document" is not overly broad because it asks only for the documents (not any other basis) showing that North Kansas City Hospital was aware of Heartland's existence.  This is a narrow issue, especially because Interrogatory 18 is limited to the period prior to the filing of the instant litigation.  For the same reasons, the Court finds that Interrogatory 18 is not unduly burdensome.  Heartland's second objection to Interrogatory 18--that the

information is already within North Kansas City Hospital's knowledge and equally available to both parties--is also overruled for substantially the same reasons as discussed with regard to Interrogatories 15 and 16.

>       b.      Requests for Admission.

North Kansas City Hospital's motion to compel answers to its Requests for Admission concerns Request for Admission 1 through 23, 26 through 28, 30 through 31, and 33.  Heartland's objections to Requests for Admission 1 through 23, 26 through 28, and 33 are based solely on the issue of the protective order, discussed above and overruled.  Therefore, the Court need only address the additional objections made by Heartland in Requests for Admission 30 and 31.

Requests for Admission 30 and 31 ask Heartland to admit that: "the geographic market north of the Missouri River is not within the 'relevant market' as that term is used [in] the Complaint at ¶¶ 54-56" and "the geographic market north of the Missouri River is not within the 'alternative relevant market.' Complaint at ¶¶ 54-56."  (Doc. 514, Ex. 3 at ¶¶ 30, 31) (Sealed).  Heartland objected to Requests for Admission 30 and 31 on the additional bases that they call for disclosure of expert testimony prior to the deadline for such disclosure and that the phrase "geographic market north of the Missouri River" is vague and ambiguous. *Id.*  Heartland did not separately address these objections in its

response to North Kansas City Hospital's motion to compel.  This is undoubtedly due to the fact that in its motion to compel, North Kansas City Hospital did not ask for a ruling on these specific objections to these Requests for Admission, but based their argument solely on the protective order objection.  (Doc. 514 at 4-5) (Sealed). Because North Kansas City did not address these specific objections in their motion to compel, these two specific objections to Requests for Admission 30 and 31 are sustained and Heartland does not need to serve answers to these two Requests for Admission.  *See Sonnino*, 221 F.R.D. at 670-71 (stating that a party that does not support an objection to a discovery request in response to a motion to compel has abandoned that objection; however, the moving party must first address the objection in its motion to compel).

    c.    Request for Production of Documents.

North Kansas City Hospital requests that Heartland produce documents relied on in answering North Kansas City Hospital's interrogatories and requests for admission.  Heartland objects because it alleges the production of these documents would be duplicative of documents it has already produced and of documents Defendants or non-parties have produced.  Heartland also incorporates in this objection its objections to the individual interrogatories and requests for admission.  Heartland's response to North Kansas City Hospital's motion to

compel argues only that, because North Kansas City Hospital's discovery requests are so broad, Heartland is justified in referring North Kansas City Hospital to all the documents already produced in the litigation to date.  (Doc. 426 at 26.)

The Court has already addressed Heartland's objections to the discovery propounded by North Kansas City Hospital.  Heartland is correct in arguing that the present document requests, however, might require some duplicative production of documents.  Therefore, in responding to the discovery of North Kansas City Hospital, as it has been modified by this Memorandum and Order, Heartland is ordered (a) to *identify* previously produced documents that are relied on by Heartland in answering North Kansas City Hospital's discovery requests, and (b) is ordered to *produce* any documents that are relied on by Heartland in answering North Kansas City Hospital's discovery requests that have *not been previously produced in this case*.  *See **Steil v. Humana Kan. City, Inc.***, 197 F.R.D. 445, 448 (D. Kan. 2000) (modifying requests for production of documents supporting interrogatories to require only identification of documents when production would be duplicative of documents already produced).

## CONCLUSION

CIGNA's motion to compel is GRANTED in part and DENIED in part. Interrogatories 1 through 3 are modified as stated above.  Interrogatories 4 through

7 shall be answered as propounded.

North Kansas City Hospital's motion to compel is GRANTED in part and DENIED in part.  Interrogatories 3, 4, 5, and 12 are modified as stated above.  Interrogatory 8 is stricken.  Interrogatories 10, 11, 15, 16, and 18 shall be answered as propounded.  Requests for Admission 1 through 23, 26 through 28, and 33 shall be answered as propounded.  Requests for Admission 30 and 31 are stricken.  Requests for Production of Documents 1 and 2 are modified to require only identification of previously produced documents but production of document not previously produced.

Heartland is hereby ordered to fully comply with the requirements of this Memorandum and Order not later than **March 30, 2007.**

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this 8th day of March, 2007.

    s/   DONALD W. BOSTWICK    
DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE

42