# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HEARTLAND SURGICAL ) | |
| SPECIALTY HOSPITAL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-2164-MLB-DWB |
| ) | |
| MIDWEST DIVISION, INC. d/b/a ) | |
| HCA MIDWEST DIVISION, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Defendants'[1] joint motion and supporting memorandum to compel compliance with subpoenas issued on May 26, 2006, to the physician-founders ("Founders") of Plaintiff Heartland Surgical Specialty Hospital, LLC ("Heartland"). (Doc. 482, 483.) Heartland responded to Defendants' joint motion (Doc. 515),[2] but no reply has been filed. The nature of the underlying anti-

---

[1] The Court defines "Defendants" as all those Defendants who remain in the litigation as of the date of this Order.

[2] Normally a challenge to a subpoena may only be made by the entity to whom the subpoena is directed unless a party to the action shows that it has a personal right or privilege with respect to the subject matter requested in the subpoena. ***Smith v. Midland Brake, Inc.,*** 162 F.R.D. 683, 685 (D. Kan. 1995) (finding that a corporate party did not have standing to challenge a subpoena issued to its employee.) Here, the response to Defendants' motion to compel was filed by Heartland and not by the Founders to whom the subpoena was directed. However, the Court was informed at a status conference on

1

trust and tortious interference litigation is well-known to the Court and all parties and need not be detailed here.

In their motion, Defendants seek an order requiring the Founders to respond to subpoenas issued on May 26, 2006, by Defendants United Healthcare of the Midwest, Inc and United HealthCare Insurance Co. ("United"). Defendants argue that these subpoenas were issued on behalf of *all* Defendants in the case. The Founders believe the subpoenas were issued *solely* by United who has, subsequent to the issuance of the subpoenas, settled and been dismissed from this litigation. *See* Docs. 439 (stipulation of dismissal); 491 (order of dismissal with prejudice). The Founders, therefore, believe the subpoenas are moot.

All parties agree that objections to the underlying substance and scope of the subpoenas are not currently at issue; rather, only the question of whether the subpoenas remain in force is currently before the Court.[3]

---

March 27, 2007, that Heartland's counsel also represents the Founders. Accordingly, the Court will consider the response to have been filed on behalf of the Founders.

[3] Defendants ask the Court to order the Founders to produce any non-objectionable materials (*i.e.*, documents responsive to the subpoenas that are not being withheld on the basis of an objection to the subpoenas) by the date of the scheduled deposition for each Founder, or by March 1, 2007, a date which has long since passed. Defendants agree, however, that disputes over the subpoenas' scope or the Founders' objections to the subpoenas should be resolved by directing the parties to confer. *See* Doc. 483 at 10-11 (stating that Defendants are moving the Court to grant the motion to compel, overrule the "Founders' threshold objection that the subpoenas are not valid," order the Founders to "produce any non-objectionable materials," and order the parties to

FACTUAL BACKGROUND

United served Rule 45 subpoenas on 29 Founders on May 5, 2006.[4] Defendants state that no other Defendant has served any other subpoenas on the Founders to date. (Doc. 483 at 3.) The subpoenas asked for twenty-three categories of documents. Of those twenty-three categories, six categories related specifically to United, at least in part. The remaining categories were more broadly phrased. (Doc. 483 Exh. 2.) United's counsel stated in an affidavit supporting Defendants' motion that he "undertook the effort to draft and issue these subpoenas for the benefit of all defendants, and all defendants approved them. Thus, while the subpoenas listed a United attorney as the 'issuing officer,' the subpoenas sought discovery on behalf of all defendants." (Doc. 483 Ex. 1A at ¶ 2.)

---

"confer about the Founders' previously lodged objections to the subpoenas so that any additional disputes over the subpoenas' scope, or the Founders' responses, can be considered promptly").

[4] Nine of the Founders initially received subpoenas issued by United in January 2006. In February 2006, additional Founders received subpoenas issued by United. Objections to these subpoenas were filed by the Founders. Heartland states that "because of material defects in the subpoenas previously served," United issued the May 5, 2006 subpoenas. (Doc. 515 at 2-3.) The parties do not further reference the January or February 2006 subpoenas in their briefing. The Court assumes the January and February 2006 subpoenas were mooted by the May 5, 2006 subpoenas (which were then mooted by the May 26, 2006 subpoenas discussed *infra*). At any rate, Defendants make it clear to the Court that it is the May 26, 2006 subpoenas that are the subject of their motion to compel. (*See* Doc. 482 at 1 ("Defendants . . . move this Court for an order . . . requiring . . . adequate responses to Rule 45 subpoenas issued on May 26, 2006.").)

On May 19, 2006, the Founders and Heartland filed written objections to the subpoenas including the objection that United had not complied with Rule 45(b)(1)'s requirement of providing formal notice to other Defendants. (Doc. 241); *see e.g.,* FED. R. CIV. P. 45(b)(1) ("Prior notice of any commanded production of documents . . . shall be served on each party in the manner as prescribed by Rule 5(b)."). Heartland's counsel and United's counsel met on May 25, 2006, and discussed the subpoenas issued to the Founders. (Doc. 483 at 3; Ex. 1A at ¶ 4.) United's counsel states he "notified Plaintiff's counsel that I had cleared the subpoenas with all the Defendants and that all Defendants approved." (Doc. 483 Ex. 1A at ¶ 4.) Heartland's counsel accepted service of the post-notice subpoenas on May 26, 2006, on behalf of the 29 Founders.

The Founders filed objections to the subpoenas on June 9, 2006. (Doc. 250; Doc. 515, Ex. 1.) On July 20, 2006, and October 27, 2006, 22 of the 29 Founders made productions responsive to the subpoenas, totaling 1765 pages. Over the course of the Founders' production, and in the months leading up to the Court's January 15, 2007, deadline for filing motions regarding discovery disputes, United and Heartland's counsel communicated about the Founders' objections regarding the subpoenas, the sufficiency of some Founders' responses to the subpoenas, and the failure of other Founders to produce any documents.

When Heartland settled its claims against United, Defendants Humana Health Plan Inc. and Humana Insurance Company ("Humana") stepped into the fray over the subpoenas.  Humana believed the subpoenas were issued by all Defendants and on January 24, 2007, Humana urged the Founders to honor the subpoenas despite the United settlement.  In subsequent meet and confer sessions, the Founders initially agreed that they would honor the subpoenas with the exception of the six requests they identified as "United specific" (*i.e.*, numbers 2, 7, 8, 9, 17, and 22).  After further meet and confer sessions, the Founders agreed to honor the subpoenas with the exception of numbers 2, 7, 8, 17 and 22, as long as request number 9 was modified to delete the United-specific portions from the request.  The Founders premised this compromise, however, on an assurance from Defendants that no additional subpoenas would be directed to the Founders.

Humana rejected this proposal from the Founders and filed the instant motion to compel on behalf of all Defendants.  Humana and Heartland have since settled and Humana has now been dismissed from this litigation.  (*See* Docs. 511 (finding moot pending motions on advice of counsel); 559 (stipulation of dismissal); 563 (order of dismissal with prejudice).)  However, because this motion to compel was filed on behalf of all Defendants, the matter remains ripe for review.

## DISCUSSION

The parties have presented the Court with little legal authority to support their respective positions, and the Court has found nothing on point. Rule 45, the authority for subpoenas to non-parties, does not directly address the issue. The Rule states only the following with regard to the party <u>serving</u> a subpoena:

> A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

FED. R. CIV. P. 45(c)(1). The Founders argue that this subsection of Rule 45 contemplates that an existing party is required for a proper Rule 45 subpoena. The Founders contend that without that party standing behind subpoenas served pursuant to the Rule, the Court would be left with no one to sanction for abuses of the Rule. (Doc. 515 at 10.) Because Defendants did not file a reply, they did not respond to this argument.

The Founders also make the more general argument that once claims are dismissed against a party and that party is dismissed from the case, discovery issued by that party is moot. (Doc. 515 at 10.) *See, e.g.*, **Galindo v. Town of Silver City**, 127 Fed. Appx. 459, 465 (10th Cir. 2005) (finding appellate claim regarding discovery was moot when all parties settled while appeal was pending);

*Ashley Creek Phosphate Co. v. Chevron Corp.*, 76 Fed. Appx. 238, 239 (10th Cir. 2003) (finding that an appeal of discovery orders was moot where the underlying claims in the principal litigation had been resolved on appeal); *Handy v. Price*, 996 F.2d 1064, 1068 (10th Cir. 1993) (finding that a dismissal of a claim on its merits mooted discovery issue). Finally, Founders and Heartland argue that United never indicated that the subpoenas were being issued on behalf of all Defendants during initial discussions, and that Defendants took this new position only after United had settled.

Defendants argue however, that the circumstances surrounding this multi-party litigation make it clear that the subpoenas were, in fact, issued by all Defendants. For example, Defendants note that the Founders' objection to the subpoenas served May 5, 2006, was based, in part, on the lack of formal notice to all Defendants and formal notice was subsequently given to all Defendants. Moreover, United's counsel indicates he had previously cleared the subpoenas through all Defendants and his intent was to serve the subpoenas on behalf of all Defendants, not just United. In addition, the majority of the discovery propounded to non-parties in this litigation has been issued by one Defendant. (*See, e.g.*, Docs. 328, 333, 335, 461, 462, 463, 464, 466 (subpoenas issued by Defendant CIGNA Healthcare of Ohio, Inc. on non-parties); 453, 475, 497, 501 (subpoenas issued by

Defendant Humana on non-parties).)  The logical presumption, however, is that the discovery to these non-parties is on behalf of all Defendants.  Otherwise, each Defendant would have presumably propounded its own individual discovery request to these important non-parties by this late stage of fact discovery.

The fact that six of the twenty-three document requests (nearly one-fourth) are "United specific" does seem to indicate that United issued them only (or primarily) on its own behalf.  However, the other three-fourths of the document requests are more general in nature and appear to be applicable to all Defendants.  It is also clear that the discovery in this case has been undertaken as a joint effort.  For example, Defendants report that the depositions of the Founders were noticed as one deposition, but each Founder was questioned by each Defendant.  Also, when the Founders did make their document productions, they produced copies to each Defendant, not just to United.  Finally, Defendants argue that the Court has encouraged cooperative behavior amongst Defendants to ensure the least burdensome and most efficient means of discovery as possible.[5]  In turn, Heartland's counsel has repeatedly sought coordinated discovery from Defendants.  *See, e.g.*, Doc. 459 at 2 (Heartland's response to Humana's motion to compel

---

[5] In past status conferences the Court has urged Defendants to consolidate their discovery and pretrial efforts on such matters as depositions and motions for summary judgment.  *See e.g.,* Doc. 436 at 51-52, 61.

referring to Humana's discovery requests as "overbroad, repetitive and duplicative" of other Defendants).

The general subject matter of most of the subpoenas' topics seem to clearly relate to all Defendants. For example, the subpoenas request:

> 3. Documents sufficient to identify each patient whom you believe would have received medical care at Heartland but for the conduct of the defendants alleged in Heartland's Complaint.
>
> 4. Documents sufficient to show the geographic areas from which You draw patients for each service You offer. . . .
>
> 5. All documents concerning communications to actual or potential patients concerning the availability of insurance benefits for Heartland patients.

(Doc. 483 Ex.2 at ¶¶ 3, 4, 5.) These requests relate to Heartland's claims in this antitrust and tortious interference litigation against all of the Defendants. The remaining subpoena topics that do not specifically reference United are equally applicable to Defendants. *See, e.g.*, Doc. 483 Ex. 2 at ¶¶ 1, 6, 10 through 16, 18 through 21, 23.

After considering all the arguments of counsel, the Court finds that the May 25, 2006, subpoenas issued by United were issued on behalf of all Defendants and as such are still viable notwithstanding the fact that United has now been dismissed as a party in the case. As the Court has previously noted in its Orders regarding the

parties discovery disputes, the Court has broad discretion over discovery matters, and such discretion is only abused "when a denial of discovery precludes a fair trial." *Gaines v. Ski Apache,* 8 F.3d 726, 730 (10th Cir. 1993). The Court finds that a ruling requiring the Founders to treat the subpoenas as if issued by all Defendants furthers the Court's endeavor toward a fair trial.

The Court also notes the more practical issue that the end of fact discovery in this litigation is nearing. There could be no question that <u>all</u> parties, both the Founders and Defendants, would be subject to additional burden and expense if the Court required the subpoena process to be started over again. Such burden and expense is not justified this late in the discovery process. *See* FED. R. CIV. P. 26(c) (granting a court broad discretion over discovery matters, including the authority to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). Therefore, a finding that the subpoenas are still viable furthers the purpose of the Federal Rules of Civil Procedure which are to be "construed and administered to secure the just, speedy and inexpensive determination of every action." FED.R.CIV.P. 1.

Because all Defendants jointly signed the motion to compel that is the subject of this Court's Order, all Defendants will be held equally responsible as the issuers of the May 26, 2006, subpoenas to the Founders. The Founders state that

Defendants have not and will not guarantee that there will not be additional subpoenas to the Founders at a later stage in the litigation. The Founders argued this was their reason for not agreeing to treat the subpoenas as in force from all Defendants and felt that any additional subpoenas plus the May 26, 2006 subpoenas would be an attempt to harass and burden the Founders. (Doc. 515 at 2.) The Court will not enter an Order that Defendants cannot issue additional subpoenas to the Founders; however, the Court strongly admonishes all parties to be mindful of Rule 45(c)(3)(A), which the Court will enforce as necessary. *See also.*, **Hefley v. Textron, Inc.**, 713 F.2d 1487, 1497 n.2 (10th Cir. 1983) (recognizing, in *dicta*, that "discovery from non-parties is often more inconvenient and expensive than it is from parties" but that "the same type of information can still be obtained"); **Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.**, 211 F.R.D. 658, 663 (D. Kan. 2003) ("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure.")

    As a result of the Court's finding that the subpoenas should be treated as propounded by all Defendants, the Founders must immediately produce all non-

objectionable[6] documents requested by the subpoenas to Defendants. As of the filing of Defendants' motion to compel, seven of the twenty-nine Founders had produced nothing in response to the subpoenas. While the Founder's objections to the subpoena are numerous and far-reaching in nature, *see* Doc. 515, Ex. 1, they are made in a general fashion without specific reference to each particular category of information requested by the subpoena. Even so, some of the Founders have obviously been able to produce at least some responsive documents notwithstanding these objections and notwithstanding the fact that the parties have not yet completed the meet and confer process. This would indicate that those Founders who have wholly failed to produce *any* documents should likewise be able to immediately produce any non-objectionable documents.

Regarding modification of the subpoenas to eliminate the United-specific document requests, the Court notes that at one point the Founders and Defendants agreed to eliminate numbers 2, 7, 8, 17, and 22 as "United specific" and to modify number 9 so that it no longer referenced United. *See* Doc. 483 at 10 n.6 ("counsel for Humana did indicate that the Defendants would not be pursuing any of the United-specific requests in the subpoenas"); Doc. 515 at 6 (proposal to modify the

---

[6] The Court defines this term in the same way Defendants have defined the term, *i.e.*, documents responsive to the subpoenas that are not being withheld on the basis of an objection to the subpoenas. *See supra* note 3.

subpoenas to eliminate numbers 2, 7, 8, 17, and 22, and modify number 9). The Court believes that this is the appropriate way to treat the May 26, 2006 subpoenas. The subpoenas are hereby modified to eliminate numbers 2, 7, 8, 17 and 22 because they are specific to United, and to modify number 9 by deleting the portion of the request following the comma which deals with United.

Regarding the underlying substance and scope of the requests, and the Founders objections and claims of burdensomeness, all Defendants and the Founders shall meet and confer regarding the Founder's objections to the subpoenas.[7] This meet and confer session shall be conducted on or before **April 23, 2007**, and the parties should be prepared to advise the Court of the results of their meeting at the scheduled status conference on April 24, 2007. If the parties are unable to resolve the objections propounded by the Founders to the subpoenas (as modified by the Court), any motion on the matter must be filed not later than **April 27, 2007;** any response shall be filed not later than **May 4, 2007;** and no replies will be allowed. Any briefs on this issue shall not exceed fifteen (15) pages

---

[7] The Court notes that the subpoenas ask for documents from January 1, 2000 to present. (Doc. 483 Ex. 2 at ¶ 8.) One of the Founders' objections to the subpoenas is based on this proposed time frame. The Founders refer to the time frame as overly broad, unduly burdensome, and oppressive, and that the time frame is not relevant. (Doc. 515 Ex. 1 at ¶ 3.) With respect to this objection, the Court suggests that prior to their meet and confer session the parties review the Court's prior Order discussing earlier disputes about the proper time frame for discovery requests. *See* Doc. 568 at 3-15 (analyzing Defendants' time frame objection based on relevance and undue burden).

in length. Because this discovery matter has been languishing for nearly one year and the time for conducting fact discovery is soon to expire, no extensions to these deadlines will be allowed.

## CONCLUSION

Defendants' motion to compel compliance with May 26, 2006, subpoenas issued to the Founders is GRANTED as stated in this Memorandum and Order.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this 11th day of April, 2007.

      s/ DONALD W. BOSTWICK
      DONALD W. BOSTWICK
      U.S. MAGISTRATE JUDGE