# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**Heartland Surgical Speciality**
**Hospital, LLC, et.al.,**

      **Plaintiff,**

v.                                                  Case No.  05-2164-MLB-DWB

**Midwest Division, Inc., d/b/a HCA**
**Midwest Division, et.al.,**

      **Defendants.**

## STATUS CONFERENCE ORDER NO. 5

On April 24, 2007, pursuant to Fed. R. Civ. P. 16(b), a scheduling conference in this case was held by U.S. District Judge Monti L. Belot and the undersigned magistrate judge. The parties appeared through counsel as follows:

<u>Plaintiff Heartland Surgical Speciality Hospital</u>:

    Patrick J. Stueve, Norman E. Siegel, Todd M. McGuire and Rachael E. Schwartz;

<u>Defendant Midwest Division, Inc.</u>:

    Eric J. McCarthy, Margaret Zwisler and David E. Everson, Jr.;

<u>Defendant Coventry Health Care of Kansas, Inc.</u>:

    Leonard L. Wagner and Jeffrey Simon;

<u>Defendant Saint Luke's Health System, Inc.</u>:

Floyd R. Finch, Jr.;

<u>Defendant Carondelet Health, St. Joseph Medical Center and St. Mary's Medical Center</u>:

Winthrop B. Reed, III and Richard B. Walsh, Jr.;

<u>Defendant Shawnee Mission Medical Center, Inc.</u>:

Scott E. Harvison;

<u>Defendants Aetna Health Inc. and Aetna Life Insurance Company</u>:

Edward R. Spalty and Robert J. Fogarty.

Prior to the conference, and as directed by the Court, counsel provided a proposed agenda for the conference which contained six items. The Court added five items to the agenda which then included the following items:

1. Update on the meet and confer session regarding subpoenas served to 29 non-party physicians;

2. Update on the parties' discussion of a process/procedure for establishing the authenticity or admissibility of documents produced by the parties;

3. Coventry's motion to compel responses to its second request for documents (Doc. 589);

4. Deposition of Troy Clark;

5. Deposition logistics;

6. Update on pending discovery;

    7.    Update on the meet and confer session regarding plaintiff's amended privilege log (Doc. 625);

    8.    Update on subpoenas served to third parties and motions to quash the same;

    9.    Aetna's motion for summary judgment and motion to file the same under seal; and

    10.    Change of the pretrial order date;

    11.    Scheduling of the next status conference.

After hearing statements and arguments from the parties, the Court now enters this Status Conference Order No. 5 concerning topics discussed and orders entered at the April 24, 2007, status conference:

    1.    Counsel informed the Court that they are in the process of meeting and conferring regarding the Court's April 11, 2007 Order granting Defendants' motion to compel compliance with subpoenas issued to non-party physicians (Doc. 611). In the Court's Order, all parties were ordered to meet and confer regarding the non-party physicians' objections to the subpoenas. Counsel advised the Court that if a motion on this subject is necessary, it will be filed by the Court's previously established deadline of **April 27, 2007**.[1]

---

[1] A timely motion to compel concerning the Founders' subpoenas was subsequently filed by the Carondelet Defendants (Doc. 671) and a response has also been filed. (Doc. 708.) Since no replies are allowed, that motion is now ripe for decision.

2.  The Court was also advised that counsel are continuing to meet and confer regarding a process/procedure for establishing the authenticity or admissibility of documents produced by the parties. Counsel will advise the Court of their proposed procedure at the next scheduled status conference. Counsel advised the Court that the total number of documents that have been marked as deposition to date is less than 700.

3.  Defendant Coventry informed the court that a reply was not necessary for its motion to compel Plaintiff to produce documents responsive to Coventry's second request for production of documents. Coventry also informed the Court that the subjects of one of its requests (Kim Krause and Jim Morse) were scheduled to be deposed in the coming week. The Court orally temporarily granted Plaintiff's motion for leave to file under seal its response to Coventry's motion (*see* Doc. 656) and advised Plaintiff to file its response under seal forthwith (*see* Doc. 658). The Court orally granted in part and denied in part Coventry's motion, with a detailed Order to follow. Regarding the witnesses scheduled to be deposed in the four days following the status conference, Plaintiff was ordered to produce forthwith the requested performance-based portions of the personnel files concerning those witnesses.

<u>For all future discovery motions, unless the Court asks for a reply, no replies will be permitted</u>.

4. The Court was advised that an issue regarding the scheduling of the deposition of Troy Clark is now moot as a result of an agreement among the parties.

5. The Court heard from both Plaintiff and Defendants regarding individual defense counsel participating in depositions by telephone. Defense counsel made an oral motion, pursuant to FED. R. CIV. P. 30(b)(7), for the Court to grant the unfettered right of individual defense counsel to participate in depositions by telephone, rather than in person. Defendants inform the Court that in previous depositions, defense counsel have designated a lead counsel for the deposition and other counsel have either appeared at the deposition in person, or by telephone. Defendants further informed the Court that all depositions in this litigation have been videotaped and their have been no issues regarding the quality of the telephone lines used.

Plaintiff has recently challenged the participation by telephone of defense counsel at depositions. Plaintiff informed the Court that recently, counsel participating in depositions by telephone have asked substantive questions about documents and have cut-off witnesses being deposed. Plaintiff believes it is unfair to a witness being deposed to not be able to face the attorney inquiring of the witness and stated that there have been instances where the witness being deposed does not have documents they are being questioned about in front of them. Plaintiff has no objection to defense counsel merely "listening in" to depositions over the telephone.

Rule 30(b)(7) permits a court to order that "a deposition be taken by telephone." Defendants request only participation by telephone, with the continued practice of designation of a lead defense counsel who leads the deposition. Cases identified by both parties address the issue. In *Cressler v. Neuenschwander*, 170 F.R.D. 20 (D. Kan. 1996), Judge Saffels stated the standard for motions for orders permitting telephonic depositions:

> The party seeking to depose a witness telephonically must present a legitimate reason for its request. The burden then shifts to the opponent to show why the deposition should proceed by a more traditional method. The court must ensure whether the use of the telephonic means would reasonably ensure accuracy and trustworthiness, and whether the opposing party would be prejudiced.

*Id.* at 21 (citations omitted). Judge Saffels then granted a motion for a telephonic deposition stating that the presence of opposing counsel at the deposition would diminish concerns about examination of the witness regarding documents. In *Epling v. UCB Films, Inc.*, Nos. 98-4226-RDR, 98-4227-RDR, 00-4062-RDR, 2001 WL 584355, at *9-10 (D. Kan. Apr. 2, 2001), Judge Rogers stated his belief that telephonic depositions should be broadly permitted, as a general rule. Judge Rogers then noted that the purpose for taking a deposition by telephone was "obvious in most cases, i.e., the savings of time and costs." *Id.* at *10. Judge Rogers then noted the burden-shifting approach for such motions, citing *Cressler*. Judge Rogers held that

the magistrate judge's finding that the complexity of the case and the number of documents involved were sufficient reasons to meet the burden was not clearly erroneous and upheld the magistrate judge's ruling that the depositions be held in person. *Id.*

The Court noted that both ***Cressler*** and ***Epling*** dealt with scenarios in which the deposition would be conducted *entirely* over the telephone, rather than with mere participation by some counsel over the telephone. The Court, however, did find these cases persuasive in finding that defense counsel's basis of cost savings in making its motion was sufficient and that Plaintiff's concerns could be addressed through the procedure put in place by the Court.

The Court then granted Defendants' oral motion, subject to the following provisions: (1) notice must be given 48 hours in advance of the deposition that an individual defense counsel plans to participate by telephone in the deposition; (2) the defense counsel participating by telephone must provide, 48 hours in advance of the deposition, marked documents to the lead defense counsel for that deposition or the court reporter (and adequate copies, if necessary) so that there is no confusion of the witness with respect to documents the witness is being questioned on by the defense counsel participating by telephone; and (3) prior to the deposition beginning, there must be agreement by defense counsel as to the order of examination of the witness.

The Court also noted that a party can object to the manner in which telephone participation at a deposition is being handled at the time of the deposition, if the telephone procedure becomes burdensome or is substantially affecting the quality of the deposition.

6.      Regarding the status of pending discovery, counsel informs the Court that there are approximately 24 witnesses left to be deposed, including anticipated depositions in Nashville, TN (Sam Hazen), Cleveland, OH (Dr. Ahn) and Addison, Texas (United Surgical Partners). Plaintiff then informed the Court that it has received from Defendants requests for admission with 1351 admissions requested. Plaintiff informed the Court that it will likely file a motion for a protective order to limit the propounded discovery.

7.      Counsel informed the Court that they have continued to meet and confer regarding Plaintiff's amended privilege log and any motions regarding this issue will be filed by the **April 27, 2007** deadline previously established (Doc. 625).

8.      Regarding the status of subpoenas served to third-parties, Plaintiff informs the Court that there are 3 outstanding subpoenas it has served to third-parties. Of those three, one of the subpoenas is the subject of a motion to quash (Docs. 641, 642), but Plaintiff believes that the objections to the subpoena may be resolved.[2]

---

[2] The parties have advised that this motion is now moot. (Doc. 674.)

Defense counsel informed the Court that they anticipate objections to one subpoena served to third-party BKD, but do not currently know of any other objections. Counsel for Defendant Saint Luke's informed the Court that it is working on "picking up" subpoenas previously served by now-settled Humana Defendants and is not currently aware of problems with those subpoenas.

9. Judge Belot directed the parties to meet and confer, by **May 25, 2007**, regarding Defendant Aetna's motion for leave to file under seal its motion for summary judgment, memorandum of support, and exhibits. (Doc. 653.) The parties are to determine the particular documents they believe need to be sealed and advise the Court of the same at the next scheduled status conference. All parties were advised that wholesale motions to seal will be disfavored and the Court will favor disclosure of filings. The parties were also directed to meet and confer, by **May 25, 2007**, regarding stipulations of fact for Aetna's motion for summary judgment, and to advise the Court of their stipulated facts at the next scheduled status conference. At that time, the Court will also set a deadline for the filing of Plaintiff's response to Aetna's motion for summary judgment.

The parties were advised that before filing a dispositive motion, the filing party or parties must send proposed stipulations to the opposing party and meet and confer with that party with respect to those facts. The parties were also advised to view

Judge Belot's Standing Order with respect to dispositive motions, located at http://www.ksd.circ10.dcn/chambers/showjudge.php?juegeid=13 (click on "Standing Order").

10. The final pretrial conference date was changed from October 8, 2007, to **October 9, 2007**.

11. The Court set another status conference for **Wednesday, May 30, 2007 at 1:30 p.m.** This status conference will be held in Courtroom 440, Robert J. Dole U.S. Courthouse, 500 State Avenue, Kansas City, Kansas. Counsel will not be allowed to participate by telephone in this conference.

Prior to the next status conference, counsel for the respective parties are directed to consult with each other for the purpose of establishing a list of items which counsel believe need to be discussed with the Court at the conference. Any written agenda for the respective conference should be e-mailed to the undersigned magistrate judge at ksd_bostwick_chambers@ksd.uscourts, not later than **Friday, May 25, 2007.** The parties should also be prepared to respond to any questions the Court may have concerning any pending motions that have been fully briefed as of the date of each status conference.

This Status Conference Order No. 5 supplements the First Revised Scheduling Order (Doc. 242), but does not change any deadlines or hearings previously set in that earlier Scheduling Order which are not specifically addressed in this Order.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this 7th day of May, 2007.

                                                 s/ DONALD W. BOSTWICK
                                                 DONALD W. BOSTWICK
                                                 U.S. MAGISTRATE JUDGE