**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| HEARTLAND SURGICAL SPECIALTY HOSPITAL, LLC, ) ) ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No. 05-2164-MLB-DWB |
| ) | |
| MIDWEST DIVISION, INC. d/b/a ) HCA MIDWEST DIVISION, et al., ) ) | |
| Defendants. ) ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff Heartland Surgical Specialty Hospital, LLC's ("Heartland's") objections to Magistrate Judge Bostwick's April 27, 2007 order granting portions of defendant Coventry Health Care of Kansas, Inc.'s ("Coventry's") motion to compel. (Doc. 711.) The objections have been fully briefed and the matter is ripe for decision. (Doc. 723.) The objections are OVERRULED for the reasons stated herein.

**I.  FACTUAL AND PROCEDURAL HISTORY**[1]

In February 2007, Coventry served its Second Request for Production of Documents on Heartland. Heartland served responses and objections to the requests in March 2007, and the parties subsequently met and conferred regarding Heartland's objections. After attempts to resolve the objections failed, Coventry filed the motion to compel that is the subject of the magistrate judge's April 27, 2007 order.

---

[1] The factual and procedural history is summarized from Magistrate Judge Bostwick's April 27, 2007 order (Doc. 669). Heartland does not object to this portion of the magistrate judge's order.

Coventry's motion concerned four categories of documents, and the magistrate judge granted in part and denied in part Coventry's motion. Heartland objects only to that part of the magistrate judge's order that required Heartland to produce the settlement agreements executed in the underlying lawsuit between Heartland and five previous co-defendants.  Heartland does not object to the remainder of the April 27, 2007 order.

Regarding the settlement agreements, the magistrate judge held that he would not imply the existence of a federal settlement privilege absent direction from the Tenth Circuit holding the same. (Doc. 669 at 10.)  Absent such a privilege, the magistrate judge determined that the settlement agreements were discoverable as long as they were relevant. Id. The magistrate judge analyzed the parties arguments for and against relevancy, and then found that the settlement agreements appeared to be relevant both to "the possible bias or prejudice of important witnesses" and to "Heartland's damage claims against the remaining defendants."  (Doc. 669 at 11.)  The magistrate judge rejected Heartland's claim that disclosure of the settlement agreements would reveal Heartland's trial strategy or impede future settlement negotiations.  (Doc. 669 at 13.)

Heartland objects to the magistrate judge's ruling for four reasons. Heartland claims: 1) the magistrate judge's decision "is in direct conflict with the precedent set by Magistrate Judge David Waxse in DIRECTV, Inc. v. Puccinelli, 224 F.R.D. 677 (D. Kan. 2004);" 2) the magistrate judge's ruling conflicts with a previous scheduling order (entered by another magistrate judge at the beginning of this litigation) regarding confidential settlement agreements; 3) the

settlement agreements in their entirety are not relevant at this stage in the litigation; and 4) the magistrate judge's ruling will "materially impact settlement negotiations in this lawsuit." (Doc. 711.)

The portion of the magistrate judge's order compelling production of the settlement agreements was stayed pending resolution of Heartland's objections. (Doc. 720.)

## II. ANALYSIS

Federal Rule of Civil Procedure 72 governs the procedure for making, and the standard of review for ruling on, objections to orders of magistrate judges. Rule 72(a) states that magistrate orders regarding nondispositive matters shall be modified or set aside when they are "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). A matter is nondispositive when it is a "pretrial matter, not dispositive of a claim or defense of a party." Id. Coventry's motion to compel dealt with discovery of documents. A discovery request of this nature is a nondispositive matter. Hutchinson v. Pfeil, 105 F.3d 562, 566 (10th Cir. 1997) ("Discovery is a nondispositive matter. . . ."); see, e.g., Adams v. Gateway, Inc., No. 2:02-CV-106 TS, 2004 WL 2061884, at *1 (D. Utah Sept. 14, 2004) (finding that an order on a motion to compel documents withheld based on a claim of privilege was a nondispositive discovery matter).

Under the "clearly erroneous" standard set forth above, the court will affirm the magistrate judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. United States

Gypsum Co., 333 U.S. 364, 395 (1948)). Magistrate judges are afforded broad discretion when resolving discovery disputes. Soma Med. Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1300 (10th Cir. 1999); Smith v. MCI Telecomms. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991).

Heartland's first objection to the magistrate judge's order is that the magistrate judge's ruling is "contrary to law." Heartland points the court to a footnote from Magistrate Judge Waxse's ruling in DIRECTV, Inc. and to the circuit court decisions from the Second and Seventh Circuit that the footnote cites. (Doc. 711 at 4-5.) In DIRECTV, Inc., discovery to the plaintiff requested production of all documents showing the terms of settlements with non-party records custodians. 224 F.R.D. at 683. In ruling on the plaintiff's objection to this discovery, Magistrate Judge Waxse analyzed the plaintiff's objections of relevancy, confidentiality, settlement communications privilege, and Federal Rule of Evidence 408 policy concerns. Id.

Regarding relevancy, Magistrate Judge Waxse concluded that the settlement agreements were relevant to the potential bias or prejudice of the non-parties who may testify at trial. Id. at 684. With respect to confidentiality concerns, Magistrate Judge Waxse concluded that, even though the parties had agreed to maintain the settlement agreements' confidentiality, this did not shield the settlement agreements from discovery. Id. at 684-85. With regard to a settlement communications privilege, Magistrate Judge Waxse distinguished case authority finding a settlement communications privilege by noting that the discovery at issue sought the terms of the settlement agreements, not the communications or negotiations.

-4-

Id. at 685.  Finally, with respect to Rule 408, Magistrate Judge Waxse concluded that Rule 408 governs only admissibility, not discoverability, of settlement agreements.  Id.  None of these rulings are contrary to Magistrate Judge Bostwick's analysis.

Magistrate Judge Waxse then noted different standards used by the courts in determining relevancy for a finding of discoverability. Magistrate Judge Waxse ruled that the relevancy of the settlement agreements was clear, and met even the lowest threshold of relevancy. Id. at 686-87.  Magistrate Judge Waxse disregarded the plaintiff's concern that allowing discovery would frustrate the policy of encouraging confidential settlements by noting that he could not "conceive of any way in which allowing discovery of this information would serve to discourage settlement under the circumstances of this case." Id. at 687.  Again, Magistrate Judge Bostwick's rulings do not conflict with Magistrate Judge Waxse's.

Heartland does not cite the DIRECTV, Inc. case for any of these rulings.  Rather, Heartland cites DIRECTV, Inc. for the statements, purely dicta,[2] of Magistrate Judge Waxse in a footnote to his ruling that the settlement agreements were relevant under any of the thresholds for showing relevance.  The footnote states, in its entirety:

> Plaintiff cites Doe v. Methacton Sch. Dist., 164 F.R.D. 175 (E.D. Pa. 1995) for the proposition that in certain circuits settlement agreements

---

[2] Black's Law Dictionary defines dicta as follows: "Opinions of a judge which do not embody the resolution or determinations of the court.  Expressions in court's opinion which go beyond the facts before court and therefore are individual views of author of opinion and not binding in subsequent cases." Black's Law Dictionary 408 (5th ed. 1979).

-5-

> are discoverable only to show that the settlement may be collusive. See id. at 176 (citing Thornton v. Syracuse Sav. Bank, 961 F.2d 1042, 1046 (2d Cir. 1992); Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust Co. of Chicago, 834 F.2d 677, 684 (7th Cir. 1987)). Plaintiff contends that because no such collusion is alleged here, Defendants are not entitled to discover these settlement agreements. Plaintiff's reliance on Doe is misplaced. Doe, along with the Second and Seventh Circuit decisions relied upon therein, dealt with a defendant's attempts to discover the settlement agreements of its co-defendants in the same, ongoing litigation. Clearly, different policy reasons apply in such cases. The Second Circuit in Thornton noted that such a rule is 'necessary to prevent parties from learning their opponents' strategies.' 961 F.2d at 1046 (citing Mars, 834 F.2d at 684). Such a rationale does not apply to the instant case, where the settling parties are not, and have never been, parties to this lawsuit.

Id. at 686-87 n.34. It is clear to this court, and should be clear to all parties, that this footnote is not "precedent."[3] The issue was not before Magistrate Judge Waxse and he is merely rejecting an argument made by the plaintiff precisely because the issue was not before him. The magistrate judge had not been briefed on the issue, did not make a ruling on the issue, and the footnote has no precedential effect.

Nevertheless, Magistrate Judge Bostwick cited Heartland's reliance on this footnote in his April 27, 2007 order. Magistrate Judge Bostwick ruled, however, that he rejected the argument made therein, based on his determination that no federal settlement

---

[3] Black's Law Dictionary defines precedent as follows: "An adjudged case or decision of a court, considered as furnishing an example or authority for an identical or similar case afterwards arising or a similar question of law. . . ." Black's Law Dictionary 1059 (5th ed. 1979).

-6-

privilege exists in the Tenth Circuit, that the settlement agreements were relevant to the issues of potential bias/prejudice of settling co-defendants who may testify at trial, and that the settlement agreements may also be relevant to the issue of Heartland's damage claims against the remaining defendants. (Doc. 669 at 10-13.) Magistrate Judge Bostwick then concluded that Heartland's arguments concerning confidentiality and harm to the policy of encouraging settlement were unfounded and did not outweigh the relevance of the documents. (Doc. 669 at 12-13.) Throughout, Magistrate Judge Bostwick cited cases in support of his conclusions, and Heartland does not challenge Magistrate Judge Bostwick's determination or application of the holdings from those cases. See, e.g., Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 981 (6th Cir. 2003) (finding a settlement privilege should exist, with respect to settlement *communications* and what was said during settlement *negotiations*); Matsushita Elec. Ind. Co., Ltd. v. Mediatek, Inc., No. C-05-3148-MMC, 2007 WL 963975, at *2-3 (N.D. Cal. Mar. 30, 2007) (holding that a federal settlement privilege does not exist and the existence of one would be contrary to FED. R. CIV. P. 26 and Jaffe v. Redmond, 518 U.S. 1 (1996), which lays out the standards for recognizing federal privileges); White v. Kenneth Warren & Son, Ltd., 203 F.R.D. 364, 367-69 (N.D. Ill. 2001) (permitting discovery of settlement agreements, but not settlement *communications*, because the settlement agreements were relevant to the issues of liability and bias; rejecting argument against discovery based on confidentiality concerns and concerns of impact to future settlement negotiations); City of Wichita v. Aero Holdings, Inc., 192 F.R.D. 300, 302 (D. Kan.

2000) (applying Federal Rule of Civil Procedure 26 standards of relevancy to a review of a discovery order permitting discovery of settlement agreements, and refusing to apply a higher standard merely because the documents were settlement documents); Bennett v. LaPere, 112 F.R.D. 136, 139 (D.R.I. 1986) (holding that discovery of a settlement agreement made with a former co-defendant was relevant to issues of liability and bias); Bottaro v. Hatton Assoc., 96 F.R.D. 158, 159-60 (E.D.N.Y. 1982) (holding that a particularized showing must be made for discovery of settlement agreements but then applying Rule 26's relevancy standard of "reasonably calculated to lead to discovery of admissible evidence" and finding this standard not met because, as a securities law violation case, contribution for damages is not determined until after a final judgment is rendered). The magistrate judge's rulings are supported by this case law. For all of these reasons, Heartland has not met its burden under Rule 72 to show that Magistrate Judge Bostwick's April 27, 2007 order was "contrary to law."[4]

---

[4] In its objections, Heartland also discusses the cases cited within the DIRECTV, Inc. footnote: Mars Steel Corp. v. Cont'l Ill. Nat'l Bank & Trust Co. Of Chicago, 834 F.2d 677 (7th Cir. 1987) and Thornton v. Syracuse Sav. Bank, 961 F.2d 1042 (2d Cir. 1992). Heartland did not brief these cases to the magistrate judge in its opposition to Coventry's motion to compel the settlement agreements.
     Nevertheless, the cases are distinguishable. Mars Steel Corp is a case discussing the district court's determination of the fairness of a settlement agreement in a class action. 834 F.2d at 683. Its holding is that settlement *negotiations* should not be discoverable in the ongoing litigation. Id. at 684. This is exactly what Magistrate Judge Bostwick ruled when he ordered that the settlement negotiations would not be discoverable, but the settlement agreements would be discoverable. Thornton is another case discussing the district court's determination of the fairness of a settlement agreement in a class action. 961 F.2d at 1046. In its discussion, Thornton cited Mars Steel Corp. as a rule of discovery with regard to settlement *agreements*. Thornton did distinguish or note that Mars

Heartland's remaining three objections can more quickly be disposed of as Heartland makes no attempt to show how Magistrate Judge Bostwick's April 27, 2007 order is "clearly erroneous or contrary to law," the standard that must be used by this court. Heartland's second objection is that the magistrate judge's April 27, 2007 order contradicts a previous scheduling order (entered November 18, 2005). The November 18, 2005 scheduling order states, in pertinent part:

> By January 13, 2006, plaintiff shall submit to defendant a good faith proposal to settle the case. By February 16, 2006, defendant shall make a good faith response to plaintiff's proposal, either accepting the proposal or submitting defendant's own good faith proposal to settle the case. By March 16, 2006, each of the parties shall submit independently, by way of e-mail or letter (preferably the former), addressed to the Magistrate Judge Donald Bostwick (but not the district judge), a confidential settlement report. These reports shall briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations and the overall prospects for settlement, and a specific recommendation regarding mediation and/or any other ADR method, together with an indication concerning who has been selected by the parties (preferably jointly) to serve as a mediator or other neutral in an ADR process. These reports need not be served upon opposing parties and shall not be filed with the Clerk's Office. The court may thereafter order participation in an ADR process.

(Doc. 141 at 4.) Heartland claims that the scheduling order required it to engage in confidential settlement negotiations with defendants and that it negotiated with defendants in reliance on this

---

Steel Corp. dealt with settlement negotiations rather than settlement agreements. Id. In addition, in Thornton, it appears that the ruling that was being appealed was actually a discovery order denying discovery into "all files relating to settlement *negotiations*." Id. (emphasis added).

　　Neither case is "directly on point" as Heartland alleges. (Doc. 711 at 5.) The magistrate judge's order was not "contrary to law."

-9-

confidentiality. (Doc. 711 at 6-7.) The court cannot decipher how Heartland's allegation that the magistrate judge violated a previous magistrate judge's order fits within Rule 72. Regardless, it is clear to this court that the scheduling order was not violated. The scheduling order requires each party to submit a "confidential settlement report" and has absolutely nothing to do with ongoing confidentiality of negotiations that Heartland subsequently had with defendants. Heartland again ignores or misstates pertinent distinctions. The scheduling order dealt with a wholly different issue, which the magistrate judge realized and stated in his order. (See Doc. 669 at 13 n.8.)

Heartland's third objection is that the settlement agreements are not relevant, particularly at this stage in the litigation. (Doc. 711 at 8.) Magistrate Judge Bostwick ruled that the settlement agreements may be relevant to the issues of bias or prejudice of potential witnesses and that the settlement reports may also be relevant to the issue of damages. (Doc. 669 at 11.) Again, Heartland does not state how this ruling is "clearly erroneous or contrary to law," but argues only that it can assure the court that no bias would be present in any trial testimony. (Doc. 711 at 8-9.) Relevancy determinations are issues of discretion, Aramburu v. Boeing Co., 885 F. Supp. 1434, 1437 (10th Cir. 1995), and relevancy is broadly construed at the discovery stage of litigation, Smith v. MCI Telecomms. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991). The magistrate judge is in the best position to make a ruling regarding relevancy. He has presided over the parties' extensive discovery for the preceding year and a half and until now, the validity of his many rulings has not been questioned.

Heartland argues that no bias would be found as a result of the settlement agreements because no party agreed to aid Heartland, that "it is possible" that Heartland will not subpoena any settling defendant for substantive testimony at trial, and that Heartland will only be using discovery produced prior to settlement at trial. (Doc. 711 at 8-9.)  Essentially, Heartland is arguing that defendants will not be impeded or prejudiced by not having access to the settlement agreements.  The court notes, however, that in its response to Heartland's objections, Coventry alleges that one settling defendant has refused production of certain documents for dispositive motion purposes on the basis of its settlement agreement.  (Doc. 723 at 4.) In addition, Heartland's assertions that the requesting party will not find anything useful cannot be the basis for denying discovery.  If this were the test, no discovery would ever take place in any litigation.

Heartland also alleges that even if the settlement agreements are relevant, they should not be produced until after the dispositive motion stage of the litigation, because the basis for relevancy--bias at trial and damages--would not be relevant until then, citing a previous discovery ruling that discovery of defendants' net worth was not relevant until after summary judgment because it was only relevant to the issue of punitive damages.  (Doc. 711 at9-10.)  The issue of punitive damages, however, is only related to the state law tort claims in this case, and cannot possibly become relevant until after a finding of liability has been made.  The issues here, however, are pertinent to preparation of this case for trial, and the magistrate judge has not abused his discretion by treating the two issues

differently. This is another, pretrial, discretionary matter. Heartland has offered no basis for this court to find that the magistrate judge abused his discretion or made a mistake.

Heartland's final objection is that the magistrate judge's ruling will materially impact future settlement negotiations in this ongoing litigation. (Doc. 711 at 10.) Heartland cites the same cases previously discussed and rejected, i.e., <u>Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.</u>, 332 F.3d 976 (6th Cir. 2003) and <u>DIRECTV, Inc. v. Puccinelli</u>, 224 F.R.D. 677 (D. Kan. 2004). It appears to the court that the only new argument Heartland makes in this final objection is that, because the terms of its previous settlements will become known, it has lost a bargaining chip in settlement negotiations. (Doc. 711 at 11.) This argument is wholly rejected as conclusory and speculative. The court's role is not to ensure one party has a tactical advantage over the other when negotiating. The federal courts are an adversarial system of justice to be sure, but no party can plead for the court to give it an unfair tactical advantage over another.

## III.  CONCLUSION

Heartland's objections to Magistrate Judge Bostwick's April 27, 2007 Order are OVERRULED, for the reasons stated herein. No motion for reconsideration will be allowed. Plaintiff is to disclose the settlement agreements no later than 5p.m., June 1, 2007.

IT IS SO ORDERED.

Dated this   29th   day of May, 2007, at Wichita, Kansas.

S/ Monti Belot  
Monti L. Belot  
UNITED STATES DISTRICT JUDGE