# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HEARTLAND SURGICAL ) <br> SPECIALTY HOSPITAL, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MIDWEST DIVISION, INC. d/b/a ) <br> HCA MIDWEST DIVISION, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 05-2164-MLB-DWB |

## MEMORANDUM AND ORDER

Presently before the Court are the following motions:

1. Plaintiff's motion for extension of time to file motions to compel regarding Plaintiff's discovery requests (Doc. 738) and Defendants joint response in opposition (Doc. 754);

2. Defendants' joint motion to permit the deposition of BKD, LLP and Kevin Morey, an audit partner of BKD, LLP, to be taken after May 18, 2007, the discovery cutoff in this litigation (Docs. 748, 749) and Plaintiff's response in opposition (Doc. 758); and

3. Defendants' joint motion to permit the deposition of HMN Architects, Inc. to be taken after the discovery cutoff (Docs. 755, 756) and Plaintiff's response in opposition (Doc. 758).

In the above motions, both Plaintiff and Defendants are asking for respective extensions of time with regard to unresolved discovery. The Court notes that all

parties basically respond to each other's motions in the same regard: by arguing that the moving party has not exercised diligence in pursuing discovery, exalting its own efforts with respect to discovery obligations, and chastising its opponent for requesting the discovery at issue.  The Court is concerned with all parties' pursuit of discovery at the "last minute," particularly discovery that is now being characterized as "critical" to the case.  In addition, the Court is troubled by the tone of all parties' responsive briefs to these motions.  Counsels' time would be better spent addressing substantive issues than bickering about which party is working harder than the other and accusing the opposing party of not working hard enough.  Finally, it appears to the Court that, as discovery is winding down, the parties are becoming more polarized and less willing to fulfill their obligations under D. Kan. Rule 37.2 to meet and confer in good faith in a meaningful attempt to resolve discovery disputes without burdening a court with motions on the issue.

After consideration of all parties' briefs, the Court enters the following Orders:

1.     Plaintiff's motion for extension of time to file motions to compel regarding discovery propounded to Defendants on March 15, 20, and 27, 2007 (Doc. 738), is GRANTED.  Pursuant to D. Kan. Rule 37.1(b), Plaintiff has shown good cause for extending the standard 30-day rule for the filing of motions relating

to discovery, based on Plaintiff's scheduling issues, the demands of discovery during recent weeks, and Plaintiff's assurances that granting its request will not delay these proceedings. Plaintiff is ordered to file any motion to compel with regard to this discovery by **June 18, 2007**.[1]

2. Defendants' joint motion to permit the deposition of HMN Architects, Inc. after the discovery cutoff (Doc. 755) is GRANTED. Pursuant to FED. R. CIV. P. 16(b), Defendants have shown good cause for modifying the scheduling order to permit these depositions beyond the fact discovery cutoff, based on all parties' scheduling issues (including those of third-party HMN Architects. Inc.) and Defendants' assurances that granting their request will not delay these proceedings. Any deposition of HMN Architects, Inc. must be completed within **twenty (20)** days of the date of this Order.

3. Defendants' joint motion to permit the depositions of BKD, LLP and Kevin Morey after the discovery cutoff (Doc. 748) is GRANTED. Pursuant to FED. R. CIV. P. 16(b), Defendants have shown good cause for modifying the scheduling order to permit these depositions beyond the fact discovery cutoff, based on all parties' scheduling issues (including those of third parties BKD, LLP

---

[1] This is the deadline for filing all motions to compel and related motions concerning discovery disputes which was established by the Court at the May 30, 2007 status conference.

and Kevin Morey) and Defendants' desire to continue its meet and confer obligations with respect to the underlying substance of the subpoenas at issue.

This motion and the resulting deposition of BKD and Morey is further complicated, however, by two other related matters. First, the parties have informed the Court that BKD has filed a motion to quash the subpoena served on it and that motion is currently pending before the United States District Court for the Western District of Missouri. The Court has been advised that Judge Whipple has deferred ruling on that motion in order to allow the parties to meet and confer about Plaintiff's claims of privilege or work product and to allow this Court to resolve those privilege and work product claims. Second, Defendant Aetna has just submitted to the Court and counsel a motion and memorandum contesting Plaintiff's claims of attorney-client privilege and work product protection as to certain documents of BKD. *See* Doc. 781, Aetna's motion to file their motion and memorandum under seal.

Therefore, any deposition of BKD, LLP or Kevin Morey is not to be scheduled until this Court has ruled on the privilege and work product issues concerning BKD documents, and until the United States District Court for the Western District of Missouri has ruled on the motion to quash.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this ____ day of June, 2007.

                                                                               _____
DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE