# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**Heartland Surgical Specialty Hospital, LLC,**

        **Plaintiff,**

v.                                                                  Case No.  05-2164-MLB-DWB

**Midwest Division, Inc., d/b/a HCA Midwest Division, et al.,**

        **Defendants.**

## STATUS CONFERENCE ORDER NO. 6

On May 30, 2007, pursuant to FED. R. CIV. P. 16(b), a scheduling conference in this case was held by the undersigned magistrate judge.  The parties appeared through counsel as follows:

Plaintiff Heartland Surgical Specialty Hospital:

    Patrick J. Stueve, Todd M. McGuire and Rachel E. Schwartz;

Defendant Midwest Division, Inc.:

    Eric J. McCarthy, Margaret Zwisler and David E. Everson, Jr.;

Defendant Coventry Health Care of Kansas, Inc.;

    Leonard L. Wagner and Jeffrey Simon;

<u>Defendant Saint Luke's Health System, Inc.</u>:

 Floyd R. Finch, Jr.;

<u>Defendant Carondelet Health, St. Joseph Medical Center and St. Mary's Medical Center</u>:

 Allen Boston;

<u>Defendant Shawnee Mission Medical Center, Inc.</u>:

 David A. Ettinger and Margaret Hague;[1]

<u>Defendants Aetna Health Inc. and Aetna Life Insurance Company</u>:

 Edward R. Spalty and Robert J. Fogarty.

Prior to the conference, and as directed by the Court, counsel provided a proposed agenda for the conference which contained six items:

1. Fully briefed motions;

2. Aetna's motion for summary judgment and an update on the parties' associated meet and confer conference;

3. The process for and timing of summary judgment motions;

4. The process/procedure for establishing the authenticity or admissibility of documents produced by the parties;

5. Anticipated discovery disputes; and

6. Future communications with Mr. Krause and Mr. Morse.

---

[1] It appears that Ms. Hague has not entered an appearance in this case and will therefore not receive any CM/ECF notices.

After hearing statements and arguments from the parties, the Court now enters this Status Conference Order No. 6 concerning topics discussed and orders entered at the May 30, 2007, status conference:

1.	The parties responded to the Court's inquiries regarding discovery to the founding physicians of Heartland and requests for admission propounded by Defendants.  The Court noted its concern with both parties' broad treatment of the particulars of the motions concerning this discovery that are currently pending before this Court.  The Court advised that it may conduct oral argument on some or all of the parties' motions.

2.	Regarding Defendant Aetna's motion for summary judgment, Plaintiff requested that it be permitted to delay responding to Aetna's motion until it had further time to review and collate its fact discovery, authenticate documents, and prepare its expert reports, which are due from Plaintiff on June 22, 2007.  Aetna responded that expert testimony was not necessary for Plaintiff to respond to Aetna's motion and that discovery pertinent to Aetna had been completed.  Aetna requested that Plaintiff be required to comply with the District of Kansas Local Rules' standard of 23 days for a response to a dispositive motion.

After considering these arguments, the Court directed Plaintiff to respond to Aetna's motion for summary judgment by **June 29, 2007**.  Plaintiff may, if necessary,

utilize 40 total pages in its response, which will include all responses to statements of fact and all additional statements of fact.  All parties were advised that they do not need to include the standards for ruling on motions for summary judgment in their dispositive motion filings.

All parties were also advised that they must comply with Judge Belot's Standing Order concerning dispositive motions.  Each fact must be accurately cited to the record.  The parties are directed that it is improper to attempt to controvert an alleged uncontroverted fact by stating that the fact is irrelevant, immaterial, or argumentative.  The party must respond to the fact as either: (1) uncontroverted or (2) controverted with citations to the record that controvert the fact.  The party may indicate that they believe the fact to be irrelevant, immaterial, or argumentative, but this is a determination the Court will ultimately make in ruling on the dispositive motion.

All parties were also advised that page limits for future dispositive motions shall be in accordance with Judge Belot's Standing Order (*i.e.*, memoranda supporting motions for summary judgment and responses shall be limited to thirty pages and replies shall be limited to ten pages).  If the filing party believes it necessary, it may motion the Court for additional pages, in accordance with Judge Belot's Standing Order.  Finally, the Court advised the parties to utilize Federal Rule of Civil

Procedure 56(f) if the party cannot respond to a particular statement of fact in a dispositive motion because the necessary information is not yet available.

The Court determined that its previous order requiring parties to meet and confer regarding stipulations of fact and the filing of dispositive motions under seal would no longer be in force.  The Court then ordered that all dispositive motions and related documents (including supporting memoranda, exhibits, responses and replies) shall be filed under seal, without need for separate order from the Court.

The parties were advised that when an order on a dispositive motion is entered, the order will be filed under seal for ten days from the date of entry of the order.  During that ten day period, any affected party (or former party) may file a brief with the Court pointing to discrete portions of that order, and discrete portions of the record that the order relates to (*i.e.*, the order, motion, memorandum, response, reply, and exhibits), that the party believes should remain sealed.  The party shall file its brief with the standards outlined in ***Vulcan Materials Co. v. Atofina Chemicals, Inc.***, 355 F. Supp. 2d 1214 (D. Kan. 2005) in mind.  The Court will then determine which portions of the record, if any, will be permitted to remain sealed.

3. All hospital Defendants informed the Court that they planned to file a dispositive motion concerning Count 1 of Plaintiff's Third Amended Complaint (alleging a horizontal conspiracy amongst the hospital Defendants).  Defendant

Coventry informed the Court that it also planned to file a dispositive motion, similar to Aetna's.  Judge Belot directed that all dispositive motions concerning the threshold issue of liability based on conspiracy shall be filed by **June 29, 2007**.

   4. Regarding Plaintiff's concern over authenticating documents for the purpose of responding to dispositive motions, Judge Belot informed Plaintiff that if Defendants objected to a document's authenticity, the Court would address the issue at the time of the objection, and there was no need at this point to delay the dispositive motion process.

   5. Each party informed the Court of the status of outstanding discovery. The Court discussed any potential upcoming motions related to discovery in this case. All parties advised the Court as to potential discovery motions and the status of their current meet and confer obligations with respect to those discovery disputes.  Judge Belot directed that meet and confer conferences shall be held in person, rather than by telephone or electronic means, if the lawyers involved are located in the Kansas City area.  If the parties cannot agree on a location for the meet and confer conferences, the parties shall meet at the Kansas City federal courthouse.  The Court advised that no discovery motions shall be filed after **June 18, 2007**, unless specifically addressed otherwise by Order of the Court.

6.      Defendants informed the Court about a dispute between the parties regarding communication with two of Plaintiff's former employees, Mr. Kim Krause and Mr. Jim Morse.  Party communication with these individuals was the subject of a previous Order of this Court (Doc. 454), wherein the Court ruled, *inter alia*, that *ex parte* interviews with Krause and Morse were prohibited but permitted extended depositions of the two individuals.  After the order was entered, both Morse and Krause were deposed.  Defendants informed the Court that they now wish to conduct *ex parte* interviews concerning non-privileged topics with Morse and Krause and have reason to believe both individuals would be willing to do so.

Plaintiff responded that this issue needs developed through briefing to the Court because: (1) the Court's previous Order would have to be modified and (2) Plaintiff's previous concerns regarding unintentional confidentiality breaches by Krause and Morse remain relevant.  The Court ordered that the parties may submit simultaneous briefs on this dispute by **Monday, June 11**, not to exceed 10 pages in length.

Finally, the Court set another status conference for Thursday, July 26, 2007 at 1:30 p.m.  This status conference will be held in Courtroom 440, Robert J. Dole U.S. Courthouse, 500 State Avenue, Kansas City, Kansas.  Counsel will not be allowed to participate by telephone in this conference.

Prior to the next status conference, counsel for the respective parties are directed to consult with each other for the purpose of establishing a list of items which counsel believe need to be discussed with the Court at the conference. Any written agenda for the respective conference should be e-mailed to the undersigned magistrate judge at ksd_bostwick_chambers@ksd.uscourts, not later than **Tuesday, July 24, 2007.** The parties should also be prepared to respond to any questions the Court may have concerning any pending motions that have been fully briefed as of the date of the status conference.

This Status Conference Order No. 6 supplements the First Revised Scheduling Order (Doc. 242), but does not change any deadlines or hearings previously set in that earlier Scheduling Order which are not specifically addressed in this Order.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this 8th day of June, 2007.

    s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE