## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HEARTLAND SURGICAL | ) | |
| SPECIALTY HOSPITAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-2164-MLB-DWB |
| | ) | |
| MIDWEST DIVISION, INC. d/b/a | ) | |
| HCA MIDWEST DIVISION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Heartland Surgical Specialty Hospital, LLC's

("Heartland's") motion for protective order (Doc. 734) and supporting

memorandum and exhibits (Doc. 735) regarding requests for admission

propounded by certain Defendants.  Defendants Coventry Health Care of Kansas,

Inc. and Coventry Health and Life Insurance Company (collectively "Coventry")

(Doc. 764), Midwest Division, Inc. d/b/a HCA Midwest Division, Inc. ("HCA

Midwest") (Doc. 768), and Saint Luke's Health System, Inc. ("Saint Luke's")

(Doc. 807 Sealed) filed responses in opposition.  Defendants Aetna Health Inc. and

Aetna Life Insurance Company (collectively "Aetna") filed a joint response in

opposition and also filed a motion to compel (Docs. 765, 766) to which Heartland

responded (Doc. 792).

In April 2007, approximately thirty days prior to the discovery cutoff, several Defendants propounded the following requests for admission to Heartland:

- Saint Luke's served 734 requests for admission;

- Coventry Health Care of Kansas, Inc. served 136 requests for admission and Coventry Health and Life Insurance Company served 126 requests for admission (collectively, Coventry served 262 requests for admission);

- HCA Midwest served 46 requests for admission; and

- Aetna Health Inc. served 153 requests for admission and Aetna Life Insurance Company served 156 requests for admission (collectively, Aetna served 309 requests for admission).

(Doc. 735 Exs. 1-6.)  In total, these Defendants propounded 1,351 requests for admission.  In its motion, Heartland seeks an order that it not be required to respond to any of the requests for admission propounded by Defendants. Alternatively, Heartland asks that the request for admission be limited in number to twenty-five per Defendant "family."  The nature of the underlying anti-trust litigation is well-known to the Court and all parties and need not be detailed here.

DISCUSSION

Federal Rule of Civil Procedure 36 governs the requests for admission propounded by Defendants.  Rule 36(a) permits "a party" to serve requests for admission "within the scope of Rule 26(b)(1)" that "relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request."  FED. R. CIV. P. 36(a).  Rule 36 was promulgated in order to expedite trials by establishing as true certain material facts of a case without the necessity of formal proof at trial.  ***Keen v. Detroit Diesel Allison,*** 569 F.2d 547, 554 (10th Cir. 1978).  *See also* Advisory Committee Notes (1970 Amendment) (requests for admission serve two purposes: first, to facilitate proof with respect to issues that cannot be eliminated from the case; and second, to narrow the issues by eliminating those that can be); ***Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.,*** No. 94-2395-GTV, 1995 WL 625744, at *1 (D. Kan. Oct. 5, 1995) (citing same).  Once admitted, the parties are bound by the admissions the same as they are bound by stipulations in the pretrial order.  ***Keen,*** 569 F.2d at 554.

Rule 26(b)(2) specifically grants the Court authority to "limit the number of requests under Rule 36."  FED. R. CIV. P. 26(b)(2)(A).  The United States District Court for the District of Kansas, however, does not have a local rule limiting the

number of requests for admission which can be served.  Generally, however, a

court "shall" limit discovery if it finds that:

> (i) the discovery sought is unreasonably cumulative or
> duplicative, or is obtainable from some other source that is
> more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity
> by discovery in the action to obtain the information sought;
> or
>
> (iii) the burden or expense of the proposed discovery
> outweighs its likely benefit, taking into account the needs
> of the case, the amount in controversy, the parties'
> resources, the importance of the issues at stake in the
> litigation, and the importance of the proposed discovery in
> resolving the issues.

FED. R. CIV. P. 26(b)(2)(C).

When a party objects to a request for admission rather than admitting or

denying it, or asserting an inability to admit or deny, it assumes the burden of

persuasion to justify its objection.  ***Moses v. Halstead***, 236 F.R.D. 667, 680 (D.

Kan. 2006);  ***Audiotext Commc'ns Network, Inc.***, 1995 WL 625744, at *4.  As a

result of Heartland's objection to Defendants' requests, Heartland bears the burden

to support its multiple objections to Defendants' requests for admission.

## ***Objection 1.  Unreasonable Burden (based on the number and timing of requests).***

Heartland's initial objection rests solely on the total number of requests for

admission sought by Defendants.  Heartland refers to the requests in total, as the 1,351 requests for admission, rather than referring to each Defendant's requests for admission separately from the other Defendants.  As noted above, the number of requests served by each party ranges from a low of 46 requests to a high of 734 requests.  Furthermore, not all of the remaining defendants in this case served requests for admission that are subject to the present motion.  "The party asserting an unduly burdensome objection to a discovery request has the burden to show not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from the discovery."  *Cardenas v. Doral Juvenile Group, Inc.*, 232 F.R.D. 377, 380 (D. Kan. 2005).

The Court first notes that neither the Federal Rules of Civil Procedure, nor the local rules of the United States District Court for the District of Kansas, set a presumptive limitation on the number of requests for admission that may be propounded by a party.  In addition, none of the parties in this case requested that such a limitation be incorporated into the scheduling orders entered in this case and the Court did not set such a limit in either the initial scheduling orders or in later status conference orders.  Further, there is no requirement that each Defendant in this litigation be required to coordinate its discovery with other Defendants, although this Court has expressed to the parties on multiple occasions its

preference that the parties do so.

Finally, the cases cited by Heartland do not support Heartland's claim that the number of admissions in this case are excessive or unreasonably burdensome under the facts and circumstances of the case, nor do the cases support Heartland's request for a 25 request limit on the number of requests for admission that are propounded by each party "family."  The cases cited deal with narrower litigation, rather than a multi-defendant, complicated antitrust conspiracy case.  *See, e.g.*, ***Taylor v. Great Lakes Waste Servs.***, No. 06-CV-12312-DT, 2007 WL 422036, at *2 (E.D. Mich. Feb. 2, 2007) (finding 297 requests for admission from one defendant in an "uncomplicated" employment discrimination action unduly burdensome); ***Oklahoma v. Tyson Foods, Inc.***, No. 05-CV-329-TCK-SAJ, 2007 WL 54831, at *2 (N.D. Okla. Jan. 5, 2007) (denying request for leave to exceed local rule's limit on number of requests for admission because not all of the requests were relevant and some requests were "burdened by minutiae").  In addition, the cases do not address the situation where each Defendant in a multi-defendant action propounds its own requests for admission.  *See, e.g.,* ***Gannon v. United States,*** No. 03-6626, 2006 WL 2927639, at *1 (E.D. Pa. Oct. 6, 2006) (finding a <u>second</u> set of 1,407 requests for admission from <u>one defendant</u> unduly burdensome, where responding to the first set of 341 requests took two months and

hundreds of man hours to answer). None of the Defendants, individually, has

issued so many requests in this complicated case as to be unduly burdensome, and

the fact that the Defendants' have served 1,351 requests in total is not surprising

given the number of Defendants involved in this litigation, the allegations of

conspiracy alleged and the fact that Heartland is seeking damages of $121,548,021

jointly and severally against these defendants.[1] Heartland's objection to

Defendants' requests for admission based solely on the number of those requests is

overruled.[2]

     If the requests for admission are duplicative of each other, this is a concern

to the Court. In the case of cumulative discovery, it is clear that the expense of the

discovery can easily outweigh the benefit of that discovery. FED. R. CIV. P.

---

[1] Heartland's damages estimate is exclusive of trebling, punitive damages, pre-judgment and post-judgment interest, attorneys' fees, and costs, which Heartland also seeks.

[2] In addition, Heartland's objection that the timing of requiring responses to Defendant's requests for admission in the busy last week of discovery is now moot. Since the filing of Heartland's motion for protective order, discovery has closed and the burden of responding to the requests while taking multiple depositions in the final week of discovery is no longer a concern.

     Heartland's continued objection to the timing of its responses, as raised in its response to Aetna's motion (Doc. 792 at 6-7) is also overruled. In ongoing litigation, the Court expects Plaintiff's counsel to continuously work toward resolution of the matter. Furthermore, since the parties have already submitted a proposed pretrial order and have fully briefed one dispositive motion in this case, they should be in a position to now garner the information sought by these requests for admission as part of their regular trial preparation.

26(b)(2)(C)(iii).  However, Heartland has not presented the Court with sufficient evidence to determine how extensive this duplication may be or how burdensome it would be to respond to requests that may be cumulative of requests asked by another defendant.  Moreover, because of prior disputes concerning whether discovery sought against a party that later settles can be enforced or used by the remaining non-settling defendants, *see e.g.*, ***Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.***, No. 05-2164-MLB, 2007 WL 1112525 (D. Kan. Apr. 11, 2005), the Court is not inclined to order that each defendant who served requests for admission be required to review all requests by other defendants in order to possibly eliminate some duplicative requests.

## *Objection 2.  Undue Burden (based on the amount of effort required to respond).*

Heartland objects to: Saint Luke's requests 11-83, 97-99, 126-27, 131, 136-37, 145, 173-76, 179-83, 185-90, 192-97, 200-04, 206-11, 213-14, 215-20, 223-29, 266, 273, 280, 287, 294, 301, 306-26, 357, 361, 388, 425-35, 438-47, 583, 586, 589, 592, 595, 598, 666-67, 670-71, 674-75, 678-79, 682-83, 686-87, 690-91, 694-95, 698-99, 702-03, 706-07, 710-11, and 728; Coventry requests 39, 48-49, 57, and 64-65; and Aetna requests 3-4, 8, 10, 17-19, 29, and 38 on the basis that the requests will require consultation with Heartland's representatives, review of documents external to the litigation, and review of all fact discovery and deposition

testimony.  Generally stated, Heartland objects to these requests based on the amount or type of effort that will be required by it to respond to the requests.

Although it is true that "requests for admission should focus on important factual matters and not factual minutiae," *Audiotext Commc'ns Network, Inc.*, 1995 WL 625744, at *3, the Court finds that these requests are not focused on factual minutia but are tailored to issues in this litigation.  As a result, "Rule 36 imposes a duty on the answering party to make a reasonable inquiry to determine his ability to admit or deny." *Harris v. Oil Reclaiming Co.*, 190 F.R.D. 674, 679 (D. Kan. 1999).  A sufficient response must "fairly meet the substance of the requested admissions." *Id.* at 677.

The fact that it will require time and expense by Heartland to respond to the propounded requests is not dispositive.  (*See* Doc. 735 Ex. 7 at ¶¶ 9-11 (estimating 226 attorney hours would be required to respond to the requests for admission)). "Rule 26(c) speaks of 'undue burden or expense' and discovery should be allowed unless the hardship is unreasonable in the light of the benefits to be secured from the discovery." *Koch v. Koch Indus., Inc.*, No. 85-1636-C, 1992 WL 223816, at *9 (D. Kan. Aug. 24, 1992) (quoting Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2214 at 647-48 (1970)).

Here, the Court has reviewed the requests and finds them to be relevant to

9

the issues in this litigation.[3]  Therefore, the responses to the requests for admission will presumably narrow the disputed material issues and the hardship to Heartland in responding is not unreasonable.  In addition, to the extent there are some duplicative requests from different defendants, Heartland should be able to simply copy its response to any duplicative requests.

Heartland's objection to Defendants' requests for admission based on the burden of responding is overruled.

### Objection 3.  Undue Burden (based on failure to reference documents by Bates number).

Heartland objects to Saint Luke's requests 91, 334-37, 339-56, 370-72, and 713-22 and HCA Midwest requests 2-6 on the basis that they reference documents but fail to identify the referenced document by Bates number.  Other than Saint Luke's requests 356 and 370-72, which ask Heartland to admit that certain Defendants did not have provider agreements with identified Defendants on identified dates, the requests reference documents that should be easily identifiable by Bates number by the defendant that served the requests.  This will reduce Heartland's time and expense in responding to the requests.  Therefore, Saint

---

[3]  Heartland makes no argument that any particular request or category of requests is irrelevant and, in fact, does not address the relevancy of the requests in any manner in its motion.

Luke's and HCA Midwest shall notify Heartland of the Bates number and/or deposition exhibit number of the documents referenced in Saint Luke's requests 91, 334-37, 339-355, and 713-22 and HCA Midwest requests 2-6 within ten (10) days of the date of this order.

### *Objection 4.  Requests improperly seek legal conclusions.*

Heartland objects to Saint Luke's requests 191, 198, 205, 212, and 562 and HCA Midwest requests 7 and 10-11 on the basis that the requests improperly seek legal opinions and require legal research on collateral issues.  As a general rule, "[r]equests for admission . . . are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case." *Audiotext Communications Network, Inc.*, 1995 WL 625744, at *6 (quoting *Ransom v. United States*, 8 Cl. Ct. 646, 648 (1985)).

Here, the requests identified by Heartland appear to require no more than the application of law to the facts of the case.  HCA Midwest requests 7, 10 and 11 merely seek to establish HCA Midwest's succession to contracts and whether Heartland meets certain requirements under federal laws, which are inquiries more of a factual than legal nature.  Saint Luke's requests ask Heartland to admit that no state law required an identified Defendant to contract with Heartland and therefore directly relate to the facts of the case.  Requests for admissions seeking the

11

application of law to the facts of the case are proper under Rule 36. FED. R. CIV. P. 36(a) (stating that requests for admission are proper as to "the application of law to fact"). None of the requests relate to "pure matters of law" or questions of law that are not related to the facts of this case. *Cf.* ***Disability Rights Council of Greater Wash. v. Washington Metro. Area Transit Auth.,*** 234 F.R.D. 1 (D.D.C. 2006) (dealing with requests concerning legal conclusions about various provisions of the ADA). Therefore, Heartland's objection to Defendants' requests for admission on this basis is overruled.

### Objection 5.  Requests improperly seek expert testimony.

Heartland objects to Saint Luke's requests 531-42 on the basis that the requests seek to elicit expert testimony in advance of the expert disclosure deadline. It is insufficient, however, for a responding party to refuse to respond to a request for admission or simply state that its expert will provide the requested information in accordance with the expert disclosure deadlines; notwithstanding any expert disclosure deadlines, the responding party is required to respond with whatever discoverable information it presently has. ***Bradley v. Val-Mejias***, No. 00-2395-GTV, 2001 WL 1249339, at *2 (D. Kan. Oct. 9, 2001). In any event, this matter is now moot since Heartland has now served all of its expert disclosures in this case and can therefore fully respond to these requests. Heartland's objection to

Saint Luke's requests for admission on this basis is overruled.

### *Objection 6.  Requests improperly seek authentication of documents.*

Heartland objects that Saint Luke's requests 139, 331, 365, 619, and 660 are objectionable because the requests ask Heartland to admit the authenticity of documents produced by Defendants.  Requests for admission seeking an admission of the authenticity of a document are specifically provided for under Rule 36.  FED. R. CIV. P. 36(a) (stating that requests for admission are proper as to "the genuineness of any documents described in the request").  In addition, the parties will eventually be required to consider the authenticity of one another's exhibits prior to trial.  It is not more burdensome for Heartland to perform this task now rather than at some point in the future.  Heartland's objection on this basis is overruled.  *See Berry v. Federated Mut. Ins. Co.,* 110 F.R.D. 441, 443 (N.D. Ind. 1986) (denying a motion for a protective order from a request for admission seeking to establish the authenticity of 244 exhibits because the trial of the case would be document intensive and Rule 36 was an appropriate tool for establishing genuineness and authenticity before trial).  If Heartland cannot admit the authenticity of the documents (after making a "reasonable inquiry," *see Harris*,

13

190 F.R.D. at 679)[4], it should simply deny that portion of Saint Luke's requests.

### Objection 7.  Circumvention of limiting rule on interrogatories.

Heartland objects to Saint Luke's use of an interrogatory along with its requests for admission asking Heartland to give a detailed explanation, with citation to supporting documents, for each denial it makes in response to Saint Luke's requests for admission.[5]  Heartland contends Saint Luke's use of this interrogatory exceeds the limit for interrogatories set by the Court.  Saint Luke's does not address Heartland's argument in its response.[6]

Saint Luke's interrogatory is not a proper use of the request for admission discovery tool.  A request for admission is meant to be answered with a simple admission or denial.  FED. R. CIV. P. 36(a).  Requiring the type of additional information sought by Saint Luke's is more akin to a response to a statement of

---

[4]  Courts have limited the reasonable inquiry requirement to information that is reasonably available to the answering party.  *See e.g.*, *U.S. ex. rel. Englund v. Los Angeles County,* 235 F.R.D. 675, 685 (E.D. Cal. 2006) (noting that "reasonable inquiry" is limited to persons and documents within the responding party's control, and does not require the responding party to interview or subpoenas records from independent third parties in order to admit or deny a request).  *See also* 8A C. WRIGHT, A. MILLER, R. MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 2261, pp. 558-60 (1994 ed.).

[5]  Heartland cites "exhibit 8" which it identifies as Saint Luke's interrogatory.  This exhibit was not filed with Heartland's memorandum.  Heartland, however, quotes what appears to be the entire interrogatory at issue, so the Court is not hindered by the failure to attach the exhibit.

[6]  Saint Luke's did, however, separately move to compel on this interrogatory (Doc. 873 at 14 Sealed), but its argument in support is very brief.

fact in a dispositive motion.  Also, as the Court has noted in prior cases, where the requests are an attempt to circumvent rules designed to limit the number of interrogatories or where the requests are contrary to the purposes of Rule 36, objections to those requests will be sustained.  ***Audiotext Commc'ns Network, Inc.***, 1995 WL 625744, at *6.  Heartland's motion for protective order on this issue is granted and Heartland will not be required to answer Saint Luke's interrogatory seeking additional information for Heartland's denials of Saint Luke's requests. This discovery would be unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2)(C) (stating that the court shall limit discovery if the burden or expense of that discovery outweighs its benefit).

### *Objection 8.   Undue Burden (based on requests that seek denials of allegations made by Heartland in its Third Amended Complaint).*

Finally, Heartland objects to Saint Luke's requests 380-85 and 402-12 on the basis that they seek denials of allegations made by Heartland in its Third Amended Complaint.  Rule 36, however, contemplates that requests for admission will address matters alleged in a complaint.  *See* FED. R. CIV. P. 36(a) ("A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.").  *See also* 8A C. WRIGHT, A.

15

MILLER, R. MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 2256, p. 538 (1994 ed.). Saint Luke's requests seek admission on the factual matters of conspiracy and damages. Heartland cannot object to Saint Luke's requests simply because "the complaint speaks for itself." Heartland's objection on this basis is overruled.

## AWARD OF MOVANT'S EXPENSES

Heartland seeks an award of its expenses in making its motion. (Doc. 735 at 10.) Although the Court has partially granted and denied Heartland's motion and could apportion expenses in accordance with Rule 37(a)(4)(C), the Court declines to do so. *See* FED. R. CIV. P. 37(a)(4)(C) (stating that a court "may" apportion fees with respect to a motion that is granted in part and denied in part).

Heartland made little effort to work with Defendants to resolve its objections to the requests for admission before filing its motion for protective order. In fact, Heartland did no more than send two e-mails to Defendants and never specifically identified any objections to the requests for admission beyond its objection based on the number propounded. Defendants represent to the Court that they were willing to discard cumulative requests and provide requested Bates numbers, but they were not given this opportunity by Heartland. Heartland's request for expenses is DENIED.

CONCLUSION

Requests for admission are a useful tool in that they establish uncontroverted facts without the need for formal proof at trial.  The Court notes that the parties will have to address these facts at some point in the trial of this case: either through requests for admission, responses to dispositive motions, or at trial.  Discovery in this litigation has ended and Defendants, of course, seek to establish as many facts as possible as early as possible, so as to prepare for the ultimate resolution of the case.  Heartland's objections to Defendants' requests for admission do little more than unnecessarily delay the resolution of this case.  Moreover, since it appears that the parties are unable to reach any meaningful stipulations in connection with the pretrial order, the use of requests for admission is even more appropriate in this case.

Heartland's motion for protective order is therefore GRANTED in part and DENIED in part as stated more fully herein.  Aetna's motion to compel is GRANTED.  Heartland must respond to the requests for admission, as modified herein, within forty (40) days of the date of this Order.

Since Heartland has raised specific objections in its motion for protective order (in addition to the general objection of burdensomeness), and since the Court has ruled on those objections in this Order, Heartland will not be allowed to now

posit additional objections to individual requests for admission.  Instead, it must

either admit, deny, or state that they are unable to either admit or deny a request

after making reasonable inquiry and that the information known or readily

available to Heartland is insufficient to enable it to admit or deny that specific

request.  Heartland's requests for attorney's fees is DENIED.[7]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this 29th day of October, 2007.

     s/ DONALD W. BOSTWICK

DONALD W. BOSTWICK

U.S. MAGISTRATE JUDGE

---

[7] Aetna did not make a request for fees and expenses in connection with its motion to compel.  See Doc No's 765,766.