IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

HEARTLAND SURGICAL SPECIALTY )
HOSPITAL, LLC, )
  )
                Plaintiff, ) **CIVIL ACTION**
  )
v. ) No. 05-2164-MLB
  )
MIDWEST DIVISION, INC. d/b/a )
HCA MIDWEST DIVISION, et al., )
  )
                Defendants. )
  )

**MEMORANDUM AND ORDER**

Before the court are motions for reconsideration of the court's October 1, 2007 memorandum and order (Doc. 949), granting in part and denying in part defendants'[1] motions and partial motions for summary judgment (Docs. 777, 848, 834).[2] Motions for reconsideration have been filed by the following defendants: Coventry (Docs. 968, 982); Saint Luke's (Doc. 967); and Shawnee Mission Medical Center (Docs.

---

[1] Defendants making motions for summary judgment were: Aetna Health Inc. and Aetna Life Insurance Company (collectively "Aetna"); Coventry Health Care of Kansas, Inc., Coventry Health and Life Insurance Company, and SouthCare PPO, Inc. (collectively "Coventry"); Midwest Division, Inc. d/b/a HCA Midwest Division ("HCA Midwest"); Saint Luke's Health System, Inc. ("Saint Luke's"); Carondelet Health, St. Joseph Medical Center, and St. Mary's Medical Center (collectively "Carondelet"); and Shawnee Mission Medical Center, Inc. ("Shawnee Mission Medical Center").

[2] The court granted summary judgment on plaintiff's tortious interference claim against Aetna and Coventry, granted summary judgment on plaintiff's horizontal Sherman Act claim against Carondelet, denied summary judgment on plaintiff's Sherman Act and civil conspiracy claims against Aetna and Coventry, and denied summary judgment on plaintiff's horizontal Sherman Act claim against HCA Midwest, Saint Luke's, and Shawnee Mission Medical Center. (See Doc. 949.)

965, 980, 981).[3]  Plaintiff, Heartland Surgical Specialty Hospital, LLC ("Heartland"), responded in opposition to defendants' motions with a consolidated memorandum.  (Doc. 989.)

The motions for reconsideration are DENIED for the reasons stated more fully herein.

### General Standards of Law

Motions to reconsider are governed by Local Rule 7.3(b), which states in pertinent part, "A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."  Furthermore, the court's summary judgment order informed the parties that any motion to reconsider should comply with the standards enunciated in Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  In Comeau, this court said:

> The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider, and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate.

Comeau, 810 F. Supp. at 1174-75 (internal quotations and citations omitted).  "'A party's failure to present its strongest case in the

---

[3] Defendants HCA Midwest and Carondelet did not file motions for reconsideration of the court's order.
   Aetna filed a motion for reconsideration (Docs. 960, 961, 978), but Heartland subsequently settled its claims against Aetna and Aetna has been dismissed from the litigation.  (Docs. 990, 991.)

first instance does not entitle it to a second chance in the form of a motion to reconsider.'" Cline v. S. Star Cent. Gas Pipeline, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005) (quoting Sithon Mar. Co. v. Holiday Mansion, 177 F.R.D. 504, 505 (D. Kan. 1998)).

### Coventry's Motion for Reconsideration

Coventry's motion seeks reconsideration of the court's memorandum and order "in light of the clarification" of Laura Kozisek's deposition testimony[4] and "to address plaintiff's theory of economic motive in light of" plaintiff's position in the proposed pretrial order. (Doc. 968 at 1.) These stated bases, of course, are not bases for a motion for reconsideration under Local Rule 7.3. Coventry's memorandum then contends that once the "clarifications" are considered, the circumstantial evidence that remains in not enough to survive summary judgment. (Doc. 982 at 2.) Although certainly not clear to the court, Coventry is apparently arguing that the court has made a "clear error" of law and that new evidence is available.[5]

Regarding Kozisek's deposition testimony, Coventry argues that Kozisek's testimony was misconstrued. In an attempt to controvert Kozisek's April 2007 deposition testimony, Coventry relies on an

---

[4] The court found that Kozisek's deposition testimony was "weak direct evidence" of an agreement amongst the managed care organization ("MCO") defendants.

[5] Coventry, and the other defendants filing motions for reconsideration, attempt to "join in the arguments" of other defendants within their motions. See, e.g., Doc. 982 at 2 n.3 (Coventry "joins" in the arguments made by Aetna and Shawnee Mission Medical Center); Doc. 967 at 1 (Saint Luke's incorporates Shawnee Mission Medical Center's, Coventry's, and Aetna's motions for reconsideration). The court will not allow a defendant to exceed the page limits for motions for reconsideration, established by this court's order, by merely adopting another defendant's brief.

-3-

affidavit from Kozisek attached to Aetna's motion for reconsideration. (See Doc. 978.) The affidavit, executed by Kozisek on October 15, 2007 (two weeks after entry of the court's order but two days before the order was unsealed for public viewing), purportedly states that Kozisek "has no knowledge of any conspiracy." (Doc. 982 at 2.)

Coventry's reliance on Kozisek's affidavit is unquestionably improper. First, the affidavit is clearly not "new evidence." Kozisek's deposition was taken in April 2007, three months prior to Heartland's use of Kozisek's deposition testimony in its response to Coventry's motion for summary judgment, and four months prior to Coventry's reply to Heartland's response. See Beugler v. Burlington N. & Sante Fe Ry. Co., 490 F.3d 1224, 1229 (10th Cir. 2007) (stating that evidence is not "new" when "it was known or discoverable before the court entered summary judgment"). Second, it has long been the rule of law that a party cannot belatedly controvert testimony by introducing an affidavit that conflicts with prior, sworn testimony. See Franks v. Nimmo, 796 F.2d 1230, 1237 (10th Cir. 1986) (holding that an affidavit that purported to controvert live testimony, which was offered after summary judgment was granted against a party, raised only a "sham issue"). Defendants' counsels' failure to ask obvious questions of Kozisek during her deposition cannot be cured by affidavit.

Coventry next challenges Heartland's theory of economic motive, which the court relied on, in part, in denying Coventry's motion for summary judgment. Coventry first argues that Heartland's expert's opinion regarding the MCO Defendant's economic motive was conclusory, unsubstantiated, and not supported by "study or analysis." (Doc. 982

-4-

at 2-4.)  In response to Heartland's statement of fact setting out its expert's opinion (Doc. 899 at 21-22, ¶ 36), however, Coventry did not challenge the expert's opinion on these grounds[6] (Doc. 921 at 12). The court will not consider new arguments in a motion for reconsideration that could have been made in the original briefing. See Cline, 370 F. Supp. 2d at 1132 (stating that a party should not be given two chances to counter an opponent on an issue); see also Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (holding that a motion for reconsideration is an inappropriate vehicle when the motion advances new arguments that could have been raised in prior briefing).

Coventry then argues that Heartland's economic theory is not plausible with respect to Coventry because the "plausibility of plaintiff's economic theory must be re-examined in light of plaintiff's contention in the recently submitted proposed pretrial order that the alleged conspiracy was formed 1) all at once and 2) in the middle of 2003."  (Doc. 982 at 4-5.)  Again, this is not a valid basis for reconsideration of the court's order.  As shown in Heartland's response to Coventry's motion (Doc. 989 at 6-8), Coventry was aware of Heartland's expert's opinion regarding the beginning date of the conspiracy long before it briefed its motion for summary judgment.  Moreover, defendants could have served discovery asking plaintiff when the alleged conspiracy was formed and the identity of its members.  Coventry's new argument is not based on new evidence.

---

[6] Neither Coventry, nor any defendant, has challenged Heartland's economic expert through a motion pursuant to Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), despite the deadline having passed for making such motions.

Coventry's remaining argument, that the circumstantial evidence is insufficient for Heartland to prevail, depends on this court's adoption of Coventry's arguments concerning Kozisek's testimony and Heartland's economic theory.  The court has not done so, and need not consider the remainder of Coventry's motion.  Coventry's motion for reconsideration is DENIED.

### Saint Luke's Motion for Reconsideration

Saint Luke's motion clearly seeks reconsideration of the court's memorandum and order, but it cites no case law and does not even mention Local Rule 7.3, other than to incorporate other defendants' motions for reconsideration (Doc. 967 at 1) and one reference to "manifest injustice" in the final paragraph of its memorandum (Doc. 967 at 5).  Throughout its memorandum supporting its motion, Saint Luke's simply reargues its counsel's personal interpretation of the evidence.

Saint Luke's motion is clearly an improper attempt to reargue its view of the facts.  See Comeau, 810 F. Supp. at 1174-75 (stating that "[r]evisiting the issues already addressed is not the purpose of a motion to reconsider").  The court fully considered Saint Luke's arguments in its order.  The court will not retrace the work it has already completed, regardless of Saint Luke's counsel's personal plea that it do so.[7]

---

[7] Saint Luke's counsel is reminded of the court's expectation that a moving party present it with legal arguments and authority for the positions urged, see Robey-Harcourt v. BenCorp Financial Co., Inc., 326 F.3d 1140, 1143 (10th Cir. 2003) ("Parties must support their arguments with legal authority."), not first person narratives of counsel's views of the case.  Although the court declines Heartland's suggestion that it sua sponte consider sanctions for defendants' filing of their motions for reconsideration (Doc. 989 at

-6-

**Shawnee Mission Medical Center's Motion for Reconsideration**

Shawnee Mission Medical Center's motion seeks reconsideration "because new evidence has emerged" and because Shawnee Mission Medical Center contends the court has "'obviously misapprehended' the evidence." (Doc. 980 at 1.) However, as discussed above with respect to Coventry and Saint Luke's motions, Shawnee Mission Medical Center has not pointed the court to any new evidence that would support a motion for reconsideration. With respect to Shawnee Mission Medical Center's claim that the court has misapprehended the evidence, Shawnee Mission Medical Center does nothing but reargue its interpretation of the evidence. The court cannot phrase the matter in any clearer terms - using a motion for reconsideration to press factual arguments that have previously been rejected by the court is not a valid basis for reconsideration under the local rule and is a waste of a client's money and counsel's, not to mention the court's, time. The court has not "obviously misapprehended" the evidence just because the court did not accept that party's interpretation of the evidence. See Warren v. Am. Bankers Ins., ___ F.3d ___, 2007 WL 3151884, at *3 (10th Cir. Oct. 30, 2007) (stating that "a district court always has the inherent power to reconsider its interlocutory rulings, and we encourage a court to do so where error is apparent") (emphasis added).

### Conclusion

Defendants each have argued separate bases for reconsideration under Local Rule 7.3. However, in arguing for their desired outcome,

---

15), all parties are reminded that this case is not the only case on the court's docket and that the court will not tolerate future time-wasting filings.

-7-

defendants repeatedly violate the standards set forth in Comeau, by doing nothing more than re-hashing the arguments considered and rejected by the court in its previous order.  As should be obvious, the court, in connection with ruling on defendants' motions for summary judgment, reviewed hundreds of pages of briefing and thousands of pages of exhibits.  It should be clear to all parties that the court, in its one hundred twenty-six page memorandum and order, gave adequate consideration to the evidence and each defendants' legal arguments.

The court, of course, realizes that this case has been, and will continue to be, an expensive case to litigate.  Defendants' continued insistence that the court should consider the cost of this litigation in its rulings, see Doc. 697 at 4 (Saint Luke's statement that "[antitrust cases] are extremely expensive to defend, and the potential liability exposure is . . . huge . . . ."); Doc. 968 at 2 ("Coventry should not be forced to defend itself at a lengthy and expensive trial."), has, however, grown tiresome.  While the court is certain this is a concern to the parties, and therefore to those parties' counsel, the expense of private litigation cannot be the basis for this court's, or any trial court's, ruling on substantive issues of law.

The standards for granting a motion under Local Rule 7.3 have not been met.  Defendants' motions for reconsideration (Docs. 965, 967, 968) are DENIED.

IT IS SO ORDERED.

Dated this   7th   day of November, 2007, at Wichita, Kansas.

                                        s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE